## JOHNSON *v.* CHRISTIAN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

No. 195. Submitted April 2, 1888. — Decided April 16, 1888. — Decree vacated May 14, 1888.

In a suit in equity, in a Circuit Court, to obtain a release of land from liability under a deed of trust, the plaintiff had a decree. On an appeal to this court by.the defendant, no evidence of the jurisdiction of the Circuit Court on the ground of citizenship was found in the record. This court reversed the decree with costs, and remanded the case for further proceedings.

The decree reversing the decree of the Circuit Court in this·case on the ground-that the record contained no evidence of the jurisdiction of that court was then vacated, because the record showed that the suit was brought to restrain the enforcement of a judgment in·ejectment recovered in the same Circuit Court.

BILL IN EQUITY. The prayer of the bill was that the complainants "may have the order and·decree of the court releas-

ing their said lands from further responsibility under the said original deed of trust from James F. Robinson to Lycurgus L. L. Johnson, and the cloud upon their title to said lands and premises by virtue of the sale and purchase by defendant of their said lands and premises at the sale made by I. L. Worthington and Theodore Johnson, as executors, &c., as aforesaid, be removed, and that the pretended deed made to the defendant at such sale for the lands of complainants be decreed to be delivered up and cancelled, and that in the meantime complainants may have a temporary restraining order, issuing out of and under the seal of this court, enjoining and restraining defendant — enforcing or attempting to enforce his judgment in ejectment against said lands until the further order of the court, and that at the final hearing hereof said injunction be made perpetual;" and for further relief.

The decree was in the complainants' favor, from which the respondent appealed. The case is stated in the opinion.

*Mr. Attorney General* and *Mr. D. H. Reynolds* for appellant.

*Mr. U. M. Rose* for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought in the Circuit Court of the United States for the Eastern District of Arkansas, by George Christian and Jerry Stuart, against Joel Johnson, to obtain a decree for the release of certain land from liability under a deed of trust. The defendant appeared and answered, a replication was filed, and proofs were taken. The court, on final hearing, made a decree in favor of the plaintiffs. The defendant has appealed to this court.

On looking into the record, we can find no evidence of the jurisdiction of the Circuit Court. The bill commences in this way: "The complainants, George Christian and Jerry Stuart, citizens of the county of Chicot and State of Arkansas, would respectfully represent," etc. Joel Johnson is the sole defendant, but there is no allegation as to his citizenship, nor does that appear anywhere in the record. Under these circum-

stances, this court must take notice for itself of the absence of the averment of the necessary facts to show the jurisdiction of the Circuit Court, and must reverse the decree, in accordance with the settled practice.

It is only necessary to refer to the case of *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237, where it was said, citing numerous cases: "It was settled at a very early day that the facts on which the jurisdiction of the Circuit Courts rest must, in some form, appear on the face of the record of all suits prosecuted before them;" and that "it is error for a court to proceed without its jurisdiction is shown."

It was also said in the same case, citing *Morgan* v. *Gay*, 19 Wall. 81, and *Robertson* v. *Cease*, 97 U. S. 646, that, if the party in regard to whom the necessary citizenship was not shown actually possessed such citizenship, the record could not be amended in this court so as to show the fact, but that the court below might, in its discretion, allow that to be done when the case should get back there.

In accordance with these views,

*The decree of the Circuit Court is reversed, with costs, and the case is remanded to that court for further proceedings.*

*Mr. Rose* thereupon, on the 28th of April, 1888, presented and obtained leave to file the following petition, entitled in the cause.

"The appellees beg leave to ask for a reconsideration of the judgment herein, because it is based on an obvious oversight.

"The opinion states that the object of the suit was 'to obtain a decree for the release of certain land from liability under a deed of trust.'

"But the object was to enjoin the execution of a judgment in ejectment obtained by appellant in the court below against the appellees.

"The bill states: 'That afterwards said defendant, [claiming] by virtue of said sale and purchase, instituted his suit in ejectment on the law side of the court, and your complainants, not being admitted to interpose their equitable defence to the

same, he did at the —— term, 188-, obtain judgment in eject-
ment against them, and now seeks to oust them of the pos-
session of said lands by writ of possession founded on said
judgment.' Tr. 3.

"There is a prayer for temporary and permanent injunc-
tions against the judgment at law. Tr. 4.

"The answer admits the allegations as to the judgment at
law. Tr. 40.

"Of course in that case the judgment could only be enjoined
by the Federal Court, and the citizenship of the parties is of
no significance. *Freeman* v. *Howe*, 24 How. 450, and cases
cited; *Stone* v. *Bishop*, 4 Clifford, 597; *Dunn* v. *Clarke*, 8
Pet. 1; *O'Brien County* v. *Brown*, 1 Dillon, 588; *St. Luke's
Hospital* v. *Barclay*, 3 Blatchford, 262; *Railroad Companies*
v. *Chamberlain*, 6 Wall. 748; *Jones* v. *Andrews*, 10 Wall. 327."

On the 14th of May, 1888, Mr. JUSTICE BLATCHFORD deliv-
ered the opinion of the court.

In this case, on the 16th of April last, this court made a
decree reversing with costs the decree of the Circuit Court
and remanding the case to that court for further proceedings.
This was done upon the view that the record contained no
evidence of the jurisdiction of the Circuit Court, arising out
of the citizenship of the parties; but the fact was overlooked
that the bill states that the defendant had obtained a judg-
ment in ejectment in the same court, (the Circuit Court of the
United States for the Eastern District of Arkansas,) and was
seeking to oust the plaintiffs from the possession of the land
involved, by a writ of possession founded on the judgment.
The bill further sets forth that the plaintiffs in this suit, who
are the appellants, had not been admitted to interpose in the
ejectment suit an equitable defence to the same, which they
state with particularity in the bill in this suit, and which they
seek to avail themselves of herein. One of the prayers of the
bill is for a perpetual injunction restraining the defendant
from enforcing or attempting to enforce against the land the
judgment in ejectment. The answer admits the recovery of
the judgment in the same court.

This is sufficient to give the Circuit Court jurisdiction of the case, without any averment of the citizenship of the parties; and not only is the present suit in equity merely an incident of and ancillary to the ejectment suit, but no other court than the one which rendered the judgment in the ejectment suit could interfere with it or stay process in it, on the grounds set forth in the bill. *Minnesota Co.* v. *St. Paul Co.*, 2 Wall. 609, 633; *Krippendorf* v. *Hyde*, 110 U. S. 276; *Pacific Railroad* v. *Missouri Pacific Railway*, 111 U. S. 505.

*The decree made by this court on the 16th of April last is therefore vacated, and the case will stand for hearing on the merits at the next term of this court, in its order on the docket.*