CAMPBELL et al. v. GOLDEN CYCLE MIN. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. November 22, 1905.)

No. 2,280.

1. COURTS—CIRCUIT COURT OF APPEALS—JURISDICTION—DISMISSAL FOR LACK OF JURISDICTION BELOW.

Where the jurisdiction of the Circuit Court is in issue, and is decided in favor of the defendant, the Circuit Court of Appeals has no jurisdiction to review the decision, since it disposes of the case, and the plaintiff must have the question certified and take his appeal or writ of error to the Supreme Court.

[Ed. Note.—Review of jurisdiction of Circuit Courts, see note to Excelsior Wooden-Pipe Co. v. Bridge Co., 48 C. C. A. 351.]

2. SAME—IT HAS JURISDICTION OF DISMISSAL ON THE MERITS.

Where the question of jurisdiction is in issue, and the jurisdiction is sustained, and a judgment or decree is rendered in favor of the defendant upon the merits, the Circuit Court of Appeals has jurisdiction to review it.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 1099.]

3. SAME—GENERAL DECREE OF DISMISSAL.

A decree of dismissal without more is a decree that the court has jurisdiction, and that there are no merits in the case. It renders every issue in the suit res adjudicata, and is reviewable by the Circuit Court of Appeals.

4. SAME—FEDERAL COURT—JURISDICTION—SUIT IN EQUITY.

A suit in equity, dependent upon a former suit of which the federal court had jurisdiction, may be maintained in that court, without diversity of citizenship or a federal question, (1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce or adjudicate liens upon or claims to property in the custody of the court in the original suit.

5. SAME—DEPENDENT CAUSE OF ACTION ESSENTIAL TO JURISDICTION.

A dependent cause of action, a cause of action for one of the purposes above specified, is indispensable to the jurisdiction of a dependent suit, although after jurisdiction is acquired by means of such a cause the court may determine in a proper case the entire controversy between the parties relating to its subject-matter.

6. SAME—DEPENDENT SUIT—PARTIES WHO MAY AND MAY NOT BE JOINED.

A dependent suit cannot be maintained to adjudicate the claims of those who were not parties to or in privity with the original suit, except in the case of those who claim an interest in the property in the custody of the court.

With this exception the claims of those who are not parties to the original suit, which accrued before its commencement, may be lawfully adjudicated in an original suit only, to the jurisdiction of which diversity of citizenship or a federal question is indispensable.

7. INJUNCTION—PROSECUTION OF ACTIONS—ESTOPPELS IN PAIS—WHEN AVAILABLE AS DEFENSES AT LAW IN FEDERAL COURT.

Estoppels in pais are available at law in the federal court in defense of actions of ejectment, trespass, and conversion, and form no basis for the prohibition of the prosecution of such actions.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

The Theresa Gold Mining Company, a corporation of the state of Colorado, was the owner of the Theresa lode mining claim. The Golden Cycle Mining Company, a corporation of the state of West Virginia, was the owner of the Legal Tender and La Bella lode mining claims. The Theresa Company claimed that four veins of ore, whose apexes were within the surface lines of the Theresa mining claim, passed through the vertical side line of the Cycle Company's claims on their dip, and that the Cycle Company had removed ores therefrom. Thereupon the Theresa Company brought an action at law against the Golden Cycle Company for the possession of those portions of these four veins which were within the vertical side lines of the Legal Tender and the La Bella mining claims, and for $250,000 damages for ore, which the plaintiff alleged the Cycle Company had broken down and removed from these parts of the veins. After this action had been commenced Frank J. Campbell and others, who held a minority of the stock of the Cycle Company, exhibited a bill in equity in the court below against both corporations, John T. Milliken, L. E. Hill, and others to enjoin the prosecution of the action at law, to compel the Theresa Company and L. E. Hill to set forth in the suit in equity and have adjudicated all their claims to any interest in the Legal Tender and the La Bella lode mining claims and in the ores that had been removed therefrom, to enjoin the holders of the majority of the stock of the Cycle Company from taking any part in the litigation regarding these claims, and for further relief that was not specified. The bill was voluminous. It covers 32 printed pages of the record, and contains averments of many facts and circumstances, which it is unnecessary to recount. It is sufficient to say that the alleged grounds for the relief sought by the bill are that the defendant, Milliken, who is the president of the Cycle Company, and one Logan, each own stock in each corporation; that they control a majority of the stock of the directors and officers of each corporation; that they and the two corporations have conspired together to transfer to the Theresa Company the property of the Golden Cycle Company by means of the action at law; that Milliken and the majority of the board of directors of the Cycle Company will not interpose or prove the defenses to that action which that company has, and will not permit the complainants to do so; that the Cycle Company has equitable defenses to the action which are not available at law; that the defendant Hill held a lease for the term commencing October 6, 1902, and ending October 7, 1906, of the Theresa mine, and a privilege of working it through the shafts, levels, and cross-cuts of the Cycle Company, by virtue of which he was entitled to 85 per cent. of the smelter returns from his operations; that for a large portion of the time he was also an officer of the Cycle Company; that the defendant Holman was superintendent of Hill's operations under the lease, and also of the operations of the Cycle Company; that under Hill's lease he was entitled to 85 per cent. of the ore taken from the ground of the Cycle Company which belonged to the Theresa Company; and that Milliken, Hill, and Holman, as officers of the Cycle Company, had used its money, with the knowledge of the Theresa Company, to develop in the ground the appearance of a longitudinal discovery vein in the Theresa claim, and of a valid claim against the Cycle Company for the relief sought in the action at law, when, in truth and in fact, there never was any such discovery vein, or any ground for any such claim. The Theresa Company, Milliken, and other defendants demurred to this bill upon many grounds; and the error specified upon this appeal is that this demurrer was sustained and the bill was dismissed.

Charles J. Hughes, Jr. (Branch H. Giles, K. C. Schuyler, and Charles F. Potter, on the brief), for appellants.

Tyson S. Dines and W. H. Bryant (H. McGarry, E. E. Whitted, O. L. Dines, P. H. Holme, Joel F. Vaile, and C. W. Waterman, on the brief), for appellees.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The bill in equity which was exhibited in this suit disclosed no federal question and no diverse citizenship of a nature to give to the Circuit Court jurisdiction of the parties and the subject-matter; and these facts furnish one of the grounds of the demurrer which was sustained by the Circuit Court. If the jurisdiction of the Circuit Court is in issue and decided in favor of the defendant, the Circuit Court of Appeals has no jurisdiction to review the decision, because it disposes of the case, and the plaintiff must have the question certified and take his appeal or writ of error to the Supreme Court. U. S. v. Jahn, 155 U. S. 109, 114, 15 Sup. Ct. 39, 39 L. Ed. 87. Counsel for the appellees moved to dismiss this appeal upon this ground. But an examination of the record has brought to our attention the fact that, after the court had entered a decree that the demurrer should be sustained and that the bill should be dismissed for want of jurisdiction, it set that decree aside, and rendered another to the effect that the demurrer be sustained and the bill be dismissed out of court at the cost of the complainants. A general decree of dismissal without more is a decree that the court has jurisdiction, and that there are no merits in the case, and it renders every issue in it res adjudicata. Indian Land & Trust Co. v. Shoenfelt, 68 C. C. A. 196, 198, 135 Fed. 484, 487. The conclusion is unavoidable that the bill in this case was dismissed by the court below, not because it was of the opinion that it was without jurisdiction to hear and determine upon their merits the questions which the bill presented, but because it did hear and consider them, and determined that there were no merits in the case of the complainants. The suit falls in the second class of cases specified in U. S. v. Jahn, where the question of jurisdiction is in issue and the jurisdiction is sustained, and then a judgment or decree is rendered in favor of the defendants upon the merits. In that class of cases the Circuit Court of Appeals has jurisdiction to review the decision below. The motion to dismiss the appeal must accordingly be denied.

The suit in hand cannot stand as an original suit, because no federal question is involved in it and the requisite diversity of citizenship does not exist. But a suit in equity, dependent upon a former suit of which the federal court has jurisdiction, may be maintained in the absence of a federal question and of diversity of citizenship (1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce or obtain an adjudication of liens upon, or claims to, property in the custody of the court in the original suit. Such a suit is but the continuation in a court of equity of the original suit, to the end that more complete justice may be accomplished thereby. A defendant may maintain a suit in equity of this nature against a plaintiff and those in privity with the original action to enjoin the prosecution

of an action at law or the enforcement of a judgment at law until an equitable defense, which is not available at law, has been determined. Logan v. Patrick, 5 Cranch, 288, 3 L. Ed. 103; Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845; Cortes v. Thannhauser (C. C.) 9 Fed. 226; Johnson v. Christian, 125 U. S. 642, 8 Sup. Ct. 1135, 31 L. Ed. 820; Aldrich v. Campbell, 97 Fed. 663, 38 C. C. A. 347; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167. The stockholders of a defendant corporation, which has fraudulently permitted a decree against it, may sustain a dependent suit against the complainant and other parties interested in the fraudulent decree to set it aside. Carey v. Houston & Texas Railway, 161 U. S. 115, 16 Sup. Ct. 537, 40 L. Ed. 638. A party to an action at law may successfully exhibit a dependent bill to avoid fraudulent conveyances made to prevent the collection of his claim from his debtor, who was a party to the original action. Dewey v. West Fairmount Gas Coal Co., 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179. A bill to construe orders and decrees in a former suit in equity is a dependent bill, and may be sustained against those who claim under, or are interested in, the orders or decrees whose interpretation is sought. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 634, 17 L. Ed. 886. And parties who claim property or liens upon, or interests in, property which is in the custody of a federal court in a former action may bring a dependent suit in equity against the parties to such an action and those claiming under them to enforce their claim. Freeman v. Howe, 24 How. 450, 460, 16 L. Ed. 749; McBee v. Railway Co. (C. C.) 48 Fed. 243, 246; Widaman v. Hubbard (C. C.) 88 Fed. 806.

But a cause of action in equity either to aid, restrain, or regulate an original action or suit of which the federal court has acquired jurisdiction, or the judgment or decree therein, or to determine claims to property in the custody of the court in such an original suit or action, is indispensable to the maintenance of a dependent suit. When a cause of action of this nature exists, and a court of equity has acquired jurisdiction of the subject and of the parties by means of it, it may undoubtedly draw to itself and decide all the issues between the parties, relative to the subject-matter, and determine the entire controversy. But without such a dependent cause of action it has no jurisdiction in equity, and, in the absence of diversity of citizenship or a federal question, it can grant no relief. In Johnson v. Christian, 125 U. S. 642, 643, 8 Sup. Ct. 1135, 31 L. Ed. 820, for example, Johnson had obtained a judgment in ejectment for the possession of the land of Christian, when the latter brought suit in equity to enjoin the enforcement of this judgment on the ground that he had an equitable defense to it, of which he was not permitted to avail himself at law, and he also prayed to remove the cloud of a deed of the land to Johnson. The court granted the entire relief sought, but it would have had no jurisdiction to remove the cloud of the deed or to quiet the title to the premises, unless there had been a good cause of action to restrain the enforcement of the judgment in ejectment. Dunn v. Clarke, 8 Pet. 1, 3, 8 L. Ed. 845. Does the bill in the suit under consideration state facts sufficient to constitute such a cause

of action? For the purpose of the decision of this case the proposition is conceded that the complainants have set forth facts sufficient to entitle them to interpose and to prove the defenses which are pleaded to the action at law by means of counsel of their own selection, and that they have every claim to the relief they seek in this suit that the Cycle Company itself would have. In the suit in hand they do not seek any order or decree that they may be permitted to defend the action at law. The only relief they ask is (1) the prohibition of the prosecution of the action at law by the Theresa Company; (2) the quieting of the title of the Cycle Company to all the ores that were or are within the vertical side lines of its lode mining claims; and (3) the inhibition of the Golden Cycle Company, its officers and the majority of its stockholders and directors, from taking any part in the litigation of any claims made by any of the parties to this suit to the property in controversy, and permission for the complainants to absolutely control and direct, on the part of the Cycle Company and those interested in it, all the litigation that may arise in this suit.

The second and third divisions of the relief which they seek depend in no way upon the action at law, but are justifiable in an original suit between the parties, regardless of the further prosecution or defense of the action between the corporations. They are conditioned, not by the prosecution or the stay of the action at law, but by the possession of the property by the Cycle Company, by the assertion of invalid claims to it by the Theresa Company and Hill, and by the collusive or fraudulent refusal of the Cycle Company, its directors and officers, to proceed faithfully and vigorously to defeat these claims. The relief sought in these two divisions of the prayer may undoubtedly be granted, if a cause of action for the other relief prayed, the inhibition of the prosecution of the action at law, as stated in the bill, be proved, upon the ground that whenever a court of equity has acquired jurisdiction of the subject-matter and the parties it may determine all the controversies between the latter, relative to the subject of the litigation. But the causes of action for the quieting of the title to the property and for the exclusion of the Cycle Company, its officers and the majority of its stockholders and directors, from taking any part in the conduct of this suit, form no basis for a suit dependent upon the original action at law. The only foundation for such a suit is the alleged cause of action for the prohibition of the prosecution of the action at law. That the nature and purpose of the suit under consideration have not been misapprehended appears from one of the opening statements of counsel for the complainants in their brief. They write:

"The primary purpose of the complainants in commencing the suit was to restrain the Theresa Company, one of the appellees herein, from prosecuting further a suit pending at law in the Circuit Court aforesaid, and instituted by that company against the Cycle Company, another of the appellees herein, and to litigate and settle finally in the equity suit, where the complainants as stockholders, could properly appear, the claims of the Theresa Company to the property of the Cycle Company involved in the suit at law."

The question therefore becomes whether or not the complainants have stated facts in their bill sufficient to entitle them to an injunc-

tion against the prosecution of the action at law by the Theresa Company at the hands of a court of equity. The issue in that action is clear and single. It is whether or not veins of ore, whose apexes are within the surface boundaries of the Theresa Company's lode mining claim, pass on their dip through the vertical side line between its claim and the lode mining claims of the Cycle Company, so that the ores in those veins between the vertical side lines of the Cycle Company's mining claims were and are the property of the Theresa Company. This is a simple question of fact. The Theresa Company has the right, under the common law, and under the Constitution of the United States, to its trial by jury in the action it has commenced, unless there is some reason why, in equity and good conscience, it should not be allowed to exercise its right to such a trial. Const. U. S. Amend. art. 7. The only ground for the inhibition of this trial by the jury, and the decision of the question of fact in issue by a court of equity, which the bill in this case discloses, is that the complainants and the Cycle Company have two alleged equitable defenses, of which they contend they may not avail themselves in the action at law. These defenses are that the Theresa Company is estopped from asserting its claim to the ores in the portions of these veins within the vertical side lines of the Cycle Company's mining claims (1) because Hill and Holman, while they were officers of the Cycle Company, unlawfully devoted their time and energies, and the shafts, levels, cross-cuts, and money of the Cycle Company to work under the lease which Hill had obtained from the Theresa Company, and to the development of the unfounded claim of the Theresa Company to these ores, which is the basis of the action at law, and (2) because Hill, Holman, Milliken, and McGarry conspired with the Theresa Company to use, and did use, the money, shafts, levels, and cross-cuts of the Cycle Company to develop the claims of the Theresa Company which are the foundation of the action at law; that these claims are baseless and would never have had even the appearance of claims without the unlawful action of the officers of the Cycle Company; and that the Theresa Company has accepted the benefit of their acts.

There are several reasons why these alleged estoppels furnish no tenable ground for the prohibition of the prosecution of the action at law. In the first place they rest on the allegation and the assumption that the claim of the Theresa Company to the ore in the ground of the Cycle Company is baseless. If the Theresa Company was or is the owner of these ores, if these ores were or are in veins whose apexes run longitudinally along the surface of the Theresa Company's claim, there is no foundation for the estoppels, and the question whether or not these ores were or are in such veins is a question of fact, of which the Theresa Company has the right to a trial by jury in the action at law. If, upon such a trial, the jury find that these ores were or are the property of the Theresa Company, the fact that the officers of the Cycle Company conspired with the Theresa Company to demonstrate this fact, and used the money or property of the Cycle Company to disclose the truth, cannot estop the Theresa Company from asserting this truth and recovering the property, for it

was the duty of both companies alike to ascertain the fact, to make it known, and to respect and protect the rights of each other. If, on the other hand, the jury find that there were or are no ores in the ground of the Cycle Company in veins whose apexes were in the Theresa claim, the Theresa Company will be entitled to no recovery, and the alleged estoppels become immaterial. Again, the bill does not contain averments of the indispensable elements of an equitable estoppel. These are knowledge and misrepresentation of facts by the parties to be estopped, ignorance of the facts, and injurious change of situation by the victim in reliance upon the misrepresentation. There is no allegation that either the Cycle Company or the complainants were ignorant of the alleged fact that the claim of the Theresa Company was baseless or of any injury, action, or change of position by any of them in the mistaken belief that the representation by any one of the validity of that claim was true. And finally, if the averments of the bill were sufficient to raise the estoppels claimed, they would be no more than estoppels in pais, and would be as available in defense of the action at law as in support of a suit in equity. Dickerson v. Colegrove, 100 U. S. 578, 584, 25 L. Ed. 618; Kirk v. Hamilton, 102 U. S. 68, 78, 26 L. Ed. 79. The bill presents no equitable defense to the action of the Theresa Company which is not available at law to defeat it, and it discloses no other ground for the prohibition of its prosecution.

Not only this, but the complainants have joined in this bill, and they seek affirmative relief against L. E. Hill, who is not a party or a privy to the original action at law, and whose claims, if any, accrued prior to its commencement. Persons who are not parties to the original action, but who claim some lien upon, or interest in, the property in the custody of the court, and those who come into privity with the parties to the original action after its commencement, may properly be made parties to a dependent bill, and their claims and rights may be adjudicated thereunder. But a federal court may not lawfully determine the rights of those who do not fall within these classes otherwise than by an original suit, to its jurisdiction of which diversity of citizenship or a federal question is indispensable. There is no property in the custody of the court in the action between the corporations. All the rights and claims of the defendant Hill arose under a lease from the Theresa Company, made more than two years before the action at law was commenced. He was therefore neither a party to that action, nor has he come into privity with it or with any party to it since its commencement. So far as the bill sets forth and seeks the adjudication of his claims, it is therefore an original, and not a dependent, bill, and for that reason it cannot be sustained. In Dunn v. Clarke, 8 Pet. 1, 3, 8 L. Ed. 845, a judgment in ejectment had been rendered in favor of Graham, and Dunn held the land recovered as a trustee under the will of Graham, who had died. A dependent suit against Dunn and others to enjoin the execution of this judgment and for other relief was exhibited. The court said:

"If Graham had lived, the Circuit Court might have issued an injunction to his judgment at law, without a personal service of process, except on his

counsel; 'and, as Dunn is his representative, the court may do the same thing as against him. The injunction bill is not considered an original bill between the same parties, as at law; but if other parties are made in the bill, and different interests involved, it must be considered, to that extent at least, an original bill, and the jurisdiction of the circuit court must depend upon the citizenship of the parties. In the present case several persons are made defendants who were not parties or privies to the suit at law, and no jurisdiction as to them can be exercised by this or the Circuit Court."

The facts set forth in this bill are insufficient to sustain a dependent suit, because they disclose no equitable ground for the prohibition of the prosecution of the action at law, which is the only alleged basis for such a suit presented by the bill, and because those who are neither parties nor privies to the action at law are joined as parties in the bill, and an adjudication is sought in this suit of rights and interests not involved in the action at law, in the absence of diversity of citizenship, or of a federal question, the indispensable conditions of jurisdiction to determine rights and interests of this character. For these reasons the demurrer was rightly sustained. Since, however, the complainants have not here sought permission to present and prove in the action at law in behalf of the Cycle Company, by counsel of their own choice, any defenses which that company may, in their opinion, have to the claim of the Theresa Company, and as they may yet desire to do so, the decree below is modified so that it shall read:

"It is ordered, adjudged, and decreed by the court that the demurrer to the bill of complaint herein be, and the same is hereby, sustained, and that the bill of complaint herein be, and the same hereby is, dismissed out of this court at the costs of the complainants, without prejudice to their right to apply to the court in the action at law, or by a bill in equity, for permission to plead and prove in the action at law, by means of counsel of their choice, any defenses which the Cycle Company may, in their opinion, have to that action."

And, as thus modified, the decree below is affirmed, with costs against the appellants.