CITY OF NEW ORLEANS v. HOWARD et al.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1908.)

No. 1,662.

1. APPEAL AND ERROR—QUESTIONS NOT RAISED AT TRIAL—JURISDICTION.
   An objection to the jurisdiction of a federal court may be first raised on appeal.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1166–1178.]

2. COURTS—FEDERAL COURTS—ANCILLARY JURISDICTION—PARTITION.
   A United States Circuit Court having possession of the property of a waterworks company sought to be partitioned, no other court could take jurisdiction of any suit or claim affecting that property, and hence by virtue of its possession the court had jurisdiction to grant partition and determine all matters relating to the property, irrespective of the citizenship of the parties to the partition proceedings.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1386.
   Supplementary and ancillary jurisdiction of federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.]

3. SAME—COLLATERAL ATTACK.

   The jurisdiction of a federal court of a suit to administer the assets of a defunct corporation could not be raised in a collateral proceeding for partition of the surplus assets of such corporation.

4. APPEAL AND ERROR—SSOPE OF REVIEW—QUESTIONS NOT RAISED AT TRIAL.

   The jurisdiction of a federal court of another case cannot be first raised on appeal.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1166–1178.]

5. PARTITION—SALE IN BULK.

   In proceedings for partition of the assets of a defunct waterworks corporation, consisting of real estate, pumping machinery, standpipe, reservoir, water mains, hydrants, and private connections, together with supplies, etc., the court properly required a sale of all the property as an entirety.

6. SAME—UPSET PRICE.

   Though the Louisiana law does not provide for the appraisement of property sold to effect a partition, a federal court, sitting in that state in a proceeding for the sale of the assets of a defunct waterworks corporation for partition, properly ordered that the commissioner appointed to make the sale must realize not less than a specified sum therefrom.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Samuel L. Gilmore and St. Clair Adams, for appellant.

Edgar H. Farrar, Wm. C. Dufour, H. Generes Dufour, and Benj. Rice Forman, for appellees.

Before McCORMICK, Circuit Judge, and NEWMAN and BURNS, District Judges.

BURNS, District Judge. The New Orleans Water Supply Company, a corporation organized under the laws of the state of Louisiana and domiciled in the city of New Orleans, filed its bill of complaint May 3, 1905, against the board of·liquidation of the city debt, a corporation organized under the laws of Louisiana and domiciled in the city of New Orleans, and against the Lambert heirs, likewise citizens of the state of Louisiana and inhabitants of the Eastern District. In said bill complainant averred that the property and assets of the old New Orleans Waterworks Company, a defunct corporation, are now in the possession, custody, and control of the Circuit Court of the United States in and for the Eastern District of Louisiana, under and by virtue of the proceedings had in the case of Robert Moore v. New Orleans Waterworks Company [no opinion], to which record and the proceedings therein complainant refers and makes part of its bill for reference and proof. Complainant avers its proportionate ownership of said property and assets, also the ownership of the respective shares or parts held and owned by the several defendants, and that said parties are the sole owners indivisibly of all the property of said defunct company; that the property aforesaid consists of a system of waterworks now in operation in the city of New Orleans, comprising real estate, pumping machinery, standpipe, reservoir, 126 miles of water mains, 1,786 fire hydrants and about 10,750 private connections, and a large amount of supplies,

such as pipe fittings, tools, coal, etc., books, papers and records, and cash in the hands of the receiver appointed by this court; that said property is incumbered and covered by certain mortgage claims much less than the value of the property and assets, which claims are now due, and action to foreclose which is pending in this court. Said property is further incumbered by certain receiver's certificates issued by this court.

The complainant, as against said defendants, seeks a partition of said property, and a sale of the same to effect said partition, and, after the deduction from the proceeds of said sale, a sum sufficient to pay the mortgage debts, receiver's certificates, and costs and expenses incurred in this proceeding, and in the main case to have the residue divided among complainant and defendants as their interests may appear. The prayer asks for the appointment of a receiver for the property and assets of said company, or that Frank T. Howard, receiver of all the property and assets aforesaid, under and by virtue of his appointment and qualification in the case of Robert Moore v. New Orleans Waterworks Company et al., shall also act as receiver in this case as if he had been separately named, appointed, and qualified, and that the receivership in said case shall be extended over this cause. Complainant further prays that the property be sold in bulk for cash to the highest bidder in order to effect a partition by licitation between complainant and defendants, and for distribution of the proceeds, after the payment of the claims and debts. The Lambert heirs demurred to the bill upon the ground, first, that the court was without jurisdiction in the premises, for the reason that the complainant and all of the defendants are citizens of the state of Louisiana and residents thereof; second, that there is no federal question arising under the Constitution or laws of the United States stated in said bill. The defendant the board of liquidation of the city debt demurred because the bill is without equity; and, further, that the court is without jurisdiction by reason of all of the parties to the suit being resident citizens of the state of Louisiana. By supplemental bill, filed May 10, 1905, the city of New Orleans was made a party defendant, upon the averment that the legal title to an undivided part of said property was in the board of liquidation, the same being held for the use and benefit of the city of New Orleans and that said interest could not be sold or disposed of without the consent of the said city.

The demurrers to the jurisdiction, as well as for want of equity, were heard and overruled, and thereupon the parties answered, and as the answers admit the substantial averments of the bill the cause was set down on bill and answer. The court extended the receivership already existing in the Moore Case over this case, and referred the same to a master in chancery to examine and report: First, whether the property should be sold in bulk or in parcels, and if in parcels, in what parcels? Second, whether there should be put an upset price on the property, and, if so, what? Third, any other terms and conditions that may be appropriate to the cause. After due hearing, at which all of the parties were represented, the master reported that

the property should be sold in bulk, and that an upset price of $700,000 should be put on the property. All of the counsel stated to the master that they had no objection to his reporting such sale in bulk and such upset price. The complainant took a rule on the parties for final decree, suggesting this report, and the acquiescence in its recommendations by all the counsel. The city of New Orleans answered the rule, saying:

"Respondent did not consent to the recommendations of said master, but respondent verily believes that, from the evidence heard before the master, the conclusion of said master in said report set out is correct, and respondent has no objections to urge against the confirmation of the report."

Final decree was entered on January 10, 1907, in accordance with the terms of the answers and the report ordering a sale of the property and assets in bulk, and fixing the upset price at $700,000.

The city of New Orleans appeals, and assigns as error: First. On the face of the record, the Circuit Court of the United States of the Fifth Circuit and Eastern District of Louisiana has no jurisdiction, because the plaintiff and all of the defendants are all citizens of Louisiana, and there is no federal question involved which could give the United States courts jurisdiction of such a cause, and the judicial power of the United States, as granted by the Constitution, does not extend to such a cause. Second. The Circuit Court erred in overruling the demurrers filed to its jurisdiction. Third. The only pretext upon which the jurisdiction was claimed was that, in the case of Robert Moore v. The New Orleans Waterworks Company, the Circuit Court of the United States had appointed a receiver who had taken possession of the property and plant of the New Orleans Waterworks Company, but that no decree of sale was made, or could be made, in that case, because (1) by the judgment of the Supreme Court of Louisiana rendered on the 7th of November 1901, and which became executory on the 3d of February, 1902, the charter and corporate existence and all of the franchises of the New Orleans Waterworks Company had been forfeited, and the said suit of Robert Moore v. The New Orleans Waterworks Company abated as a matter of law; and thereafter the Circuit Court of the United States of the Fifth Circuit, Eastern District of Louisiana, unlawfully usurped and exercised the franchise of the defunct waterworks company in the interest of the bondholders and the stockholders, when it was the duty of the court, sitting as a court of Louisiana, to recognize the decree of the Supreme Court of Louisiana, and the statute laws of Louisiana, to wit, section 731 of the Revised Statutes of Louisiana, which provides that, when the charter of a corporation is forfeited in the manner that this was, the Governor should appoint a liquidator to wind up its affairs; that the said statute was binding, upon the Circuit Court of the United States. Fourth. It appeared in the said cause that the sole possible function of the said receiver has ceased, because the entire series of mortgage bonds due by the said waterworks company had been paid, including the plaintiffs, the board of liquidation of the city debt, and the city of New Orleans; that the board of liquidation of the city debt was entitled to control $3,900^{27}/_{20000}$ of the tangible property and plant of the late

New Orleans Waterworks Company. Fifth. The court erred in ordering and decreeing a sale of the property wholly of citizens of Louisiana in bulk, and not proceeding according to the law of Louisiana in such cases. Sixth. The court erred in fixing an upset price for which alone the property can be sold, because the law of Louisiana provides that, at the sale of property to effect a partition, it shall be sold for whatever price it may bring without appraisement; and the United States Circuit Court, in dealing with property situated in Louisiana, and between citizens of Louisiana has no power to disregard the laws of Louisiana regulating the subject.

Assignments 1 and 2 raise the question that the court was without jurisdiction of the cause by reason of the complainant and the defendants being citizens of Louisiana. The appellant did not present any objection to the jurisdiction of the court below, yet the question is properly presented here by reason of the fact that consent cannot confer jurisdiction upon the courts of the United States. The ground upon which the trial court maintained jurisdiction appears by reference to the order appointing the receiver, as follows:

"It appearing to the court that all of the property sought to be partitioned in this cause is in the custody of this court by its receiver, Frank T. Howard, appointed in cause No. 12,973 of the docket of this court, styled Robert Moore v. New Orleans Water Works Company et al., and that all of the parties to this bill are parties defendant in said cause, and that the bill herein is in the nature of an ancillary bill, of which the court has jurisdiction, because of its possession of the property and assets sought herein to be partitioned, and that no other court would have jurisdiction to grant the relief sought in this cause."

The United States Circuit Court having possession of the res sought to be partitioned, no other court could take jurisdiction of any suit or claim affecting that property, and by virtue of its possession the court drew to itself jurisdiction to determine all matters relating to the property, irrespective of the question of citizenship. Compton v. Jessup, 68 Fed. 263, 15 C. C. A. 397. The latest expression by the Supreme Court of the United States bearing upon the question of jurisdiction presented by appellant is to be found in Wabash Ry. Co. v. Adelbert College (decided January 6, 1908) 208 U. S. 38, 28 Sup. Ct. 187, 52 L. Ed. —, in which Mr. Justice Moody, speaking for the court, says:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property. In the courts of the United States, this incidental and ancillary jurisdiction exists, although in the subordinate suit there is no jurisdiction arising out of diversity of citizenship or the nature of the controversy. Those principles are of general application, and not peculiar to the relations of the courts of the United States to the courts of the states; they are, however, of especial importance with respect

to the relations of those courts, which exercise independent jurisdiction in the same territory, often over the same property, person, and controversies; they are not based upon any supposed superiority of one court over the others, but serve to prevent a conflict over the possession of property, which would be unseemly and subversive of justice; and have been applied by this court in many cases, some of which are cited, sometimes in favor of the jurisdiction of the courts of the states, and sometimes in favor of the jurisdiction of the courts of the United States, but always, it is believed, impartially and with a spirit of respect for the just authority of the states of the Union." Hagan v. Lucas, 10 Pet. 400, 9 L. Ed. 470; Williams v. Benedict, 8 How. 107, 12 L. Ed. 1007; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Peale v. Phipps, 14 How. 368, 14 L. Ed. 459; Pulliam v. Osborne, 17 How. 471, 15 L. Ed. 154; Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Yonley v. Lavender, 21 Wall. 276, 22 L. Ed. 536; People's Bank v. Calhoun, 102 U. S. 256, 26 L. Ed. 101; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Pacific R. Co. v. Missouri P. R. Co., 111 U. S. 505, 4 Sup. Ct. 583, 28 L. Ed. 498; Covell v. Heyman, 111 U. S. 176, 4 Sup. Ct. 355, 28 L. Ed. 390; Heidritter v. Elizabeth Oilcloth Co., 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729; Gumbel v. Pitkin, 124 U. S. 131, 8 Sup. Ct. 379, 31 L. Ed. 374; Johnson v. Christian, 125 U. S. 642, 8 Sup. Ct. 1135, 31 L. Ed. 820; Morgan's L. & T. R. & S. S. Co. v. Texas C. R. Co., 137 U. S. 171, 11 Sup. Ct. 61, 34 L. Ed. 625; Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815.

The third and fourth assignments question the jurisdiction of the court in the case of Moore v. New Orleans Waterworks Co., but a discussion of this assignment may be passed sub silentio, as the issue presented cannot be raised in a collateral proceeding, and the record does not disclose that this question was presented for consideration of the trial court.

The fifth assignment presents for review the action of the court in decreeing the sale of the property in bulk. This assignment cannot be considered for the reason that appellant reserved no exception to the master's report advising such sale, but upon the contrary the record discloses that appellant acquiesced therein, and said, in answer to the rule, "Respondent has no objections to urge against the confirmation of the report." The proposition contained in this assignment should be treated without avolation. It would be difficult indeed to conceive that the property sought to be partitioned by licitation should be sold other than in bulk, or as an entirety. A waterworks plant can only be conducted as a system complete in itself. Its value would be lessened, if not destroyed, should it be sold in parcels, and if a parcel purchaser should be found, say, for the standpipe, he would hardly be able to justify his investment, with the mains and laterals running to other bidders.

The sixth assignment complains of that part of the decree fixing an upset price. While the law of Louisiana does not provide for the appraisement of property sold to effect a partition, yet it would appear to be a very wholesome provision in this case, at least, that an upset, or minimum, price should be fixed by the court. The order simply means that the master commissioner appointed to make the sale, in order to effect the partition, must realize not less than $700,000. If the bid should be in excess of this sum, appellant and other parties at interest will be the beneficiaries.

There being no error, the judgment of the Circuit Court should be affirmed, and it is so ordered; the costs of appeal to be taxed against the appellant.