### FIRST NAT. BANK OF CANYON, TEX., v. CROWLEY.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1910.)

No. 2,044.

COURTS (§ 322*)—JURISDICTION OF FEDERAL COURT—CITIZENSHIP—DEFECTIVE AVERMENTS CURED BY RECORD.
    Where the right of a plaintiff to maintain an action in a federal court on an assigned claim, which depended on the citizenship of his assignor, was not questioned in the trial court, it is sufficient to sustain the jurisdiction that it appears in the record that the assignor had a domicile and resided in a state other than that of which the defendant was a citizen.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 879; Dec. Dig. § 322.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Northern District of Texas.

Action at law by Samuel Crowley against the First National Bank of Canyon, Tex. Judgment for plaintiff, and defendant brings error. Affirmed.

C. B. Reeder and Jas. A. Graham, for plaintiff in error.

Samuel S. Shull and Warren Rogers, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. We find no reversible error in any of the rulings of the trial court on the sufficiency of the pleadings or the admissibility of evidence. While plaintiff in error was a quasi trustee and perhaps could have been held accountable to plaintiff below in an equity suit calling for an accounting, yet as the case was made there was a complete and adequate remedy at law.

The serious question presented by the record is the objection, not made in the court below, that the jurisdiction of the court does not appear of record so far as the suit is based on an assigned claim of Thomas Crowley to Samuel Crowley, because it is not shown that the said assignor, Thomas Crowley, could have maintained an action to recover in the Circuit Court if an assignment had not been made. We find that the record does show that Thomas Crowley of Buchanan county, Mo., resided—i. e., had a domicile—in Buchanan county, Mo., and that he lived there. We think that this brings the case within the ruling in Sun Printing & Publishing Ass'n v. Edwards, 194 U. S. 377, 24 Sup. Ct. 696, 48 L. Ed. 1027, and therefore we may hold that the jurisdiction in question sufficiently appears. The evidence in the case warranted the directed verdict.

The judgment of the Circuit Court is affirmed.