### FOREMAN et ux. v. MESIROW.
### No. 12149.

Circuit Court of Appeals, Fifth Circuit.
March 23, 1948.

As Modified on Rehearing May 4, 1948.

712

Morris E. White and Joseph P. Lieb, both of Tampa, Fla., and C. L. McKaig, of Sarasota, Fla., for appellants.

Clyde H. Wilson, of Sarasota, Fla., and Benjamin S. Mesirow, of Chicago, Ill., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The appeal is by two of the defendants below, W. D. Foreman and his wife Florence, from that portion of the decree of the District Court which denied their counter-claim and adjudged that they had no right, title or interest by easement or irrevocable license in a city lot in Sarasota, in the Southern District of Florida, known as Lot 12, whereby to pass over it to their Mira-Mar Hotel which that lot separates from the public street. We are of opinion that the District Court had no jurisdiction as a federal court of the controversy presented to it by the plaintiff, Benjamin S. Mesirow, or by the counter-claim, and that the decree must be set aside and the proceedings dismissed for that reason.

Mesirow in his petition, brought in his own behalf and in behalf of others similarly situated, alleges that he is the holder of some bonds of a $150,000 issue dated in 1922 and secured by a deed of trust executed by Andrew McAnsh and his wife Bertha covering described real estate, including Lot 12, on which was erected a building which housed the Mira-Mar Stores and Apartments, but Lot 12 was left open as an area and serves as a means of ingress and egress to the Apartments and also to the Mira-Mar Hotel, which Hotel was not conveyed by the deed of trust. In 1930 the trustee, Guarantee Title & Trust Company, a corporation of the State of Kansas, brought foreclosure proceedings in the District Court, and on April 1, 1931, obtained a decree; a sale by a special master was had and the trustee bid in the property, and the court confirmed the sale to the trustee and on May 27, 1931, a deed was made and possession given to the trustee expressly as trustee for the bondholders, but no money was paid and none distributed to the bondholders. The trustee, however, advanced the money for the costs and expenses of sale, but shortly afterwards be-

came insolvent and a receiver was appointed in Kansas, the State of its domicile. The court in Kansas appointed a new trustee, the defendant Innis D. Harris, and had the receiver to deed the property to him as trustee for the bondholders. Harris as trustee put an agent in charge of the property in Florida, the defendant E. J. Bacon, who colluded with the defendant Andrew McAnsh, who is also a bondholder, to make way with the rents and profits without paying the taxes or sharing with the other bondholders, McAnsh receiving more than $29,000. Lot 12 was allowed to be sold for taxes and the title was passed by foreclosure into Byron McAnsh, the son of Andrew, in 1932, the lot being valuable because it served also as an entrance to Mira-Mar Hotel, which is not a part of the trust property. The Hotel also was operated by Bacon, having been acquired by W. D. Foreman, a son-in-law of Andrew McAnsh. Further details alleged need not be stated. The prayers were for discovery, for injunction, and for a receiver for the trust property and an accounting and the recovery of what was due to the trust by each defendant; that Byron McAnsh be required to convey Lot 12 to the trust, he having used trust money to acquire it; for the appointment of another trustee, and that the court exercise jurisdiction to administer the trust until its final termination and distribution. The decree grants this relief, and includes provisions for selling the trust property and distributing all the proceeds.

A good case for equity jurisdiction is disclosed, but none for a federal court. The ground alleged for federal jurisdiction is diversity of citizenship and more than $3,000 involved, but the petition itself discloses that the plaintiff is a citizen of Illinois, and that the defendants Andrew McAnsh, his wife Bertha McAnsh, his son Byron McAnsh, and the son-in-law W. D. Foreman are also citizens of that State. The other defendants are citizens of Kansas and Florida, but the necessary complete diversity is clearly lacking. Strawbridge v. Curtis, 3 Cranch 267, 2 L.Ed. 435; Peper v. Fordyce, 119 U.S. 469, 7 S.Ct. 287, 30 L.Ed. 435; Smith v. Lyon, 133 U.S. 315, 10 S.Ct. 303, 33 L.Ed. 635; Raphael v. Trask, 194 U.S. 272, 24 S.Ct. 647, 48 L.Ed. 973.

It is urged that the defendants above named are not indispensable and may be disregarded. They are not merely nominal parties. A recovery of more than $29,000 is sought of Andrew McAnsh and he is alleged to be the head of the conspiracy in which the unfaithful trustee Harris joined; and Byron McAnsh is sued for Lot 12; and Foreman is sought to be deprived of the use of Lot 12 to reach his Hotel. A petition could perhaps have been framed for some of the relief sought without joining those defendants, but they are substantial parties to the petition and necessary to the relief it prays for. They cannot be ignored.

It is next contended that though the petition does not purport to be such, it is really ancillary to the foreclosure decree of 1931, and the jurisdiction of that case in this same court suffices for this case. We cannot so hold. The decree of foreclosure did reserve jurisdiction to make further orders, as is usual, and further orders were made, such as confirming the sale and paying fees and expenses; but after these things were done that case was at an end. The purchaser was put into possession and the decree fulfilled. This is not a petition to enforce, set aside, modify or alter in any way that decree. It deals with causes of complaint arising long afterwards, because of the unfaithfulness of a trustee since appointed in Kansas, in collusion with others, some of whom were not even parties to the foreclosure suit.

And it is further argued that the foreclosure deed created this trust and the court appointed the trustee, and the District Court for that reason may and should supervise the trust. We do not agree with either the premise or the conclusion. The trust was created by the original deed of trust which authorized the trustee therein to foreclose and if necessary to buy in the property for the use and benefit of the bondholders and thereafter to manage it for them. The decree of foreclosure recognized this power and authorized the trustee to bid thereunder. The confirmation of the

sale and the deed made to the trustee by the court recognized but did not create the trust nor appoint the trustee. But if the trust had had its origin in the court's deed, we do not think that would invest the federal court with the power and duty to supervise the trustee and the trust throughout the indefinite future.

It is lastly urged that we should look beyond the petition and if there was really jurisdiction in fact we should not disturb the decree, citing especially Johnson v. Christian, 125 U.S. 642, 8 S.Ct. 1135, 31 L. Ed. 820; Horne v. George H. Hammond Co., 155 U.S. 393, 15 S.Ct. 167, 39 L.Ed. 197; Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L. Ed. 1027; First Nat. Bank v. Crowley, 5 Cir., 183 F. 578. The cases cited, except the first, relate to defectively alleged diversity of citizenship which in fact existed and have no application here, for the allegations show a want of diversity and are true. As to the dependent or ancillary character of the petition, we have, as appears above, looked beyond the pleading to the actual case, and we find nothing to sustain that sort of jurisdiction, so that Johnson v. Christian, supra, does not help.

■ The counter-claim which seeks to establish as appurtenant to Mira-Mar Hotel a right of way or easement over Lot 12, if it could be considered as an independent and separate controversy, is similarly beyond the federal jurisdiction, because it is between citizens of Cook County, Illinois.

We accordingly reverse the judgment and direct that the proceedings in the District Court be dismissed for want of jurisdiction.

On Petition for Rehearing, and for Modification of Judgment.

PER CURIAM.

■ The petition for rehearing is denied.

We grant the motion to modify the judgment of this court so as to permit the District Court to consider such amendments of the complaint as may be offered to make it one within the jurisdiction of the court. The opinion is accordingly amended by add-

ing to the direction to dismiss these words: "Unless within thirty days from the filing in the District Court of the mandate of this court such amendment of the complaint is offered as will make it one within the jurisdiction of the court; and if such amendment is allowed to take such further proceedings as may then be proper." See Alderman v. Elgin J. & E. R., Co., 7 Cir., 125 F.2d 971; International Ladies Garment Workers Union v. Donnelly Garment Co., 8 Cir., 121 F. 2d 561; Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 115, 121.