MILLER, Jr., and others, Assignees, etc., *v.* ROGERS and others.

(*Circuit Court, W. D. Pennsylvania.* June 1, 1886.)

1. EQUITY—SUPPLEMENTAL BILL—UNITED STATES CIRCUIT COURT—JURISDICTION.
   Where a federal court has acquired jurisdiction of a cause, a supplementary proceeding may be maintained therein without regard to the citizenship of the parties.

2. SAME—BANKRUPTCY—SETTING ASIDE FRAUDULENT CONVEYANCES—TRANSFER OF PLAINTIFFS' TITLE PENDENTE LITE.
   Pending a suit in equity brought by assignees in bankruptcy to set aside a conveyance of real estate alleged to have been made by the bankrupts in fraud of creditors, the assignees under an order of the bankrupt court sold and conveyed the bankrupt's title to one of his creditors whose citizenship was the same as that of the defendants in the suit. *Held,* that such creditor might file in the cause a bill in the nature of a supplemental bill, and prosecute the suit.

3. SAME—NATURE OF BILL BY PURCHASER FROM PLAINTIFF PENDENTE LITE.
   While a bill to obtain the benefit of a depending suit by a party who acquired the plaintiff's title by transfer from them *pendente lite* may be technically and to some intents an original bill, it is essentially supplementary. Such bill is not, in a proper sense, the commencement of an original suit, but is rather the mere continuation of the former suit.

In Equity.

*Sur* motion by the Metropolitan National Bank for leave to file a bill in the nature of a supplemental bill.

*J. H. McCreery* and *James Bredin,* for the motion.

*D. D. Bruce* and *W. L. Chalfant, contra.*

ACHESON, J.   The Metropolitan National Bank, a banking association under the laws of the United States, located and doing business in the city of Pittsburgh, Pennsylvania, moves the court for leave to file in this cause a bill in the nature of a supplemental bill, agreeably to equity rule 57.   The plaintiffs to the suit, as the record now stands, are the assignees in bankruptcy of Rogers & Burchfield; and the purpose of the suit is to set aside a deed of conveyance of real estate made by the bankrupts to Mary Ann Rogers, one of the defendants; the bill charging that it was a voluntary conveyance, and fraudulent and void as against the creditors of the bankrupts and said assignees.   Pending the suit, the assignees sold this real estate at public auction to the said bank, and they have conveyed their title to the bank.

The only objection urged against the allowance of the present motion is that, as the bank could not bring an original suit in this court against the defendants, they being citizens of Pennsylvania, so it cannot maintain the proposed bill, which, while partaking of the nature of a supplemental bill, is yet an original bill.   Story, Eq. Pl. §§ 349, 353. But while technically, and to some intents, it may be an original bill, it is essentially supplementary to the bill of the assignees in bankruptcy. Id. §§ 345, 346; Mitf. & T. Pl. & Pr. 158.   Such a bill, by a party who has acquired the plaintiff's title by transfer from him *pendente lite,*

is not, in a proper sense, the commencement of an original suit, but is rather a mere continuation of the former suit. *Harrington* v. *Slade*, 22 Barb. 166; *Lloyd* v. *Johnes*, 9 Ves. 37; Adams, Eq. *408; *Hoxie* v. *Carr*, 1 Sum. 173. In this latter case, Judge STORY, discussing the effect of a transfer of the plaintiff's title *pendente lite*, says that the abatement in equity which might thereby ensue would not necessarily be a destruction of the suit, like an abatement at law, but merely an interruption of the suit, suspending its progress until the new party is brought before the court. And in *Clarke* v. *Mathewson*, 12 Pet. 164, it was held that the federal court has jurisdiction of a bill brought by the administrator of a deceased plaintiff to revive a suit abated by the plaintiff's death, notwithstanding the administrator is a citizen of the same state as the defendants, and the original jurisdiction depended on the citizenship of the parties. The doctrine of the case is that, where the court has once acquired jurisdiction of the cause, a supplementary proceeding may be maintained without regard to the citizenship of the parties. The principle is applicable here, and justly so; for the bank was a creditor of the bankrupts, and thus was directly interested in the original bill; and for its protection, having bought the title of the assignees when exposed to public sale, it ought to have the benefit of the suit brought by them. Otherwise, and if driven to a new suit, the bank might, perhaps, be subjected to the bar of the statute of limitations. Section 5057, Rev. St.

And now, June 1, 1886, leave is granted to the Metropolitan National Bank to file its bill.