VENNER v. PENNSYLVANIA STEEL CO. OF NEW JERSEY.

(Circuit Court of Appeals, Third Circuit. June 30, 1916.)

No. 2127.

1. INJUNCTION ⟪⟫136(2)—PRELIMINARY INJUNCTION—RIGHT TO.

Where a preponderating majority of the shareholders of a corporation agreed to a sale of its property, and complainant acquired only a few shares after the stockholders had been notified that a meeting would be held to consider the question of sale of corporate property and dissolution of the corporation, a preliminary injunction on the ground that the sale would violate the federal Anti-trust Act (Act July 2, 1890, c. 647, 26 Stat. 209), as well as state statutes, and that payment would not be made as required by state law, is properly refused in the discretion of the trial court; the affidavits offered not clearly sustaining such contentions, and complainant being protected by an order that a sum of money should be deposited for his protection.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 306; Dec. Dig. ⟪⟫136(2).]

2. APPEAL AND ERROR ⟪⟫1033(8)—HARMLESS ERROR—PRELIMINARY INJUNCTION.

Where complainant did not establish his right to enjoin the sale of corporate property and dissolution, he cannot complain that the court ordered the depositing of a sum of money for his protection in lieu of a preliminary injunction against such proceedings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4060; Dec. Dig. ⟪⟫1033(8).]

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Bill in equity by Clarence H. Venner against the Pennsylvania Steel Company of New Jersey. From the decree denying preliminary injunction, complainant appeals. Affirmed.

Robert H. McCarter, of Newark, N. J., and E. N. Zoline, of New York City, for appellant.

John R. Hardin, of Newark, N. J., and A. H. Wintersteen, of Philadelphia, Pa., for appellee.

Before McPHERSON and WOOLLEY, Circuit Judges, and DAVIS, District Judge.

McPHERSON, Circuit Judge. The court below refused to grant a preliminary injunction restraining the Pennsylvania Steel Company of New Jersey from carrying out a contemplated agreement with another corporation, but required the Steel Company to pay into court $10,000 to secure the plaintiff (a holder of common stock) against possible loss. The plaintiff appeals, asserting the illegality of the proposed agreement, and attacking the decree generally as an abuse of discretion. Briefly, the facts that need now be stated are as follows:

As the result of previous negotiations carried on between the Bethlehem Steel Company, a Pennsylvania corporation, and the New Jersey company, a provisional agreement was reached on February 17 of this year—amended a month later in some details. The New Jersey company is a holding corporation, and owns all the stock of the Maryland

Steel Company, a Maryland corporation, and nearly all the stock of the Pennsylvania Steel Company of Pennsylvania, a corporation of that state, as well as the stocks of several other companies that need not now be specified. The manufacture of steel products is carried on by the Steel Company of Pennsylvania and by the Maryland company at their respective plants. A large amount of capital—about $51,000,-000—is invested in these combined enterprises, but on this appeal we may avoid further detail concerning the business. It is enough to say that the plants and the other assets of the principal corporations are heavily incumbered, and that the holding company has paid no dividend on its common stock since 1901, and no dividend on its preferred stock since 1913. Probably owing to the recent demand for steel—in part an abnormal demand, growing out of the well-known conditions in Europe—the Bethlehem Company offered to buy (subject to existing incumbrances) the assets of the New Jersey company, except the shares of the Steel Company of Pennsylvania and of the Maryland company, and to buy also the plants and some other assets of the Steel Company of Pennsylvania and the plant of the Maryland company. The New Jersey company was then to dissolve. Considering the proposal a favorable opportunity to dispose of a business that had encountered many difficulties, the managers of the Pennsylvania and the Maryland companies agreed provisionally on the terms, but of course a binding contract so extensive in scope could not be made by a board of directors; it required the consent of the stockholders also, and the method by which the defendant's stockholders must consent, if at all, is laid down by the New Jersey Corporation Act of 1896. Accordingly the proposal of the Bethlehem Company was laid before the three corporations immediately concerned, and was favorably acted upon by the directors of each and by the stockholders of the New Jersey corporation. (We do not know what action, if any, has been taken by the stockholders of the Steel Company of Pennsylvania and of the Maryland company.) Of the New Jersey company's preferred stock, which amounts to $20,500,000, about 80 per cent. voted in favor of dissolution, only 451 shares opposing; and of the common stock, which amounts to $10,750,000, about 99 per cent. voted in favor of dissolution, only 24 shares opposing. These 24 shares were owned and voted by the plaintiff Venner, who bought them on April 14, 1916, 11 days after the stockholders had been notified that a meeting would be held on May 4 to consider the question of dissolution. It therefore appeared as the result of the regular statutory proceeding that both classes of the defendant's stock were overwhelmingly in favor of accepting the Bethlehem proposal. Among the dissentients were Joseph H. Brandt (the original plaintiff, who has now withdrawn), the owner of 139 shares of preferred stock, and the present plaintiff, who bought his few shares on April 14 and intervened a month later.

[1] In our view of the dispute, little need now be said. On such an appeal, taken at a preliminary stage of the proceeding, it is well settled that the chief concern of a reviewing court is to decide whether the trial judge exercised his discretion properly. And it is evident, also, that the present plaintiff, who is apparently not without experience

in litigation, cannot expect us to regard him as having undertaken a public duty. Undoubtedly he is entitled to his legal rights, and one of these is to raise the question now, whether the transaction he attacks is so plainly unlawful that a court should restrain it from the beginning. The principal ground upon which he asserts it to be illegal is that it violates the federal Anti-trust Act of 1890 and the Clayton Act of 1914 (Act Oct. 15, 1914, c. 323, 38 Stat. 730), and violates also the New Jersey statutes known colloquially as "the Seven Sisters." This position has received our careful attention, but we are decidedly of opinion that on the present record—which consists mainly of ex parte affidavits—the plaintiff's charges cannot be safely determined. A court should have facts before it, satisfactorily proved in accordance with the usual well-tested rules, before deciding questions of such gravity as were presented on the argument; and, of course, as the time for taking evidence has not yet arrived, these questions must for the present be left undetermined.

The plaintiff contends, further, that the Bethlehem Company's proposal is unlawful, because the whole purchase price of the property to be bought is payable in bonds, although the New Jersey act of 1896 requires part of the price to be paid in cash. The defendant denies that no cash is to be paid, pointing out that the Bethlehem Company agrees to pay off certain of the defendant's current obligations, and insisting that this is the plain equivalent of cash. Here, also, we ought to know the precise facts before deciding, and these can hardly be ascertained until the liquidating trustees of the defendant have finally agreed on all the details of the sale. No doubt the plan of purchase has in general been approved by the defendant's stockholders; but we see no reason why in some minor particulars the terms might not be varied by the liquidating trustees, if they should see proper to do so.

[2] The only other matter that may call for a moment's notice is the complaint that, instead of granting an injunction, the court ordered a deposit to protect the plaintiff from contingent loss. The objection can hardly be directed against the deposit as such, for, instead of attacking that feature of the order, the plaintiff should rather commend it. If the plaintiff's interest be merely pecuniary—and we so regard it for the present—and if he should turn out to be injured, the money is in court to pay him. His complaint against the deposit must therefore be only another form of objecting to the refusal to enjoin, and in that event nothing more need be said about it.

On the whole case, we think the decree appealed from was a proper exercise of discretion by the District Court, and accordingly we now affirm it.