PENNSYLVANIA R. CO. v. SWIFT & CO.

(District Court, E. D. Pennsylvania. April 10, 1917.)

No. 3822.

COURTS ⬦⟾276—FEDERAL COURTS—DISTRICT OF SUIT—WAIVER OF OBJECTION.
The right of a defendant in a federal court to insist upon its privilege of being sued only in the district of its residence *held* to have been waived by delay in asserting it, where the motion to dismiss on that ground was not filed until a year after the action was commenced, and where the grounds of jurisdiction which gave defendant the privilege, in that the case involved the interpretation of laws of the United States, although not clearly disclosed by the pleadings when the action was begun, must have been known to defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815.]

At Law. Action by the Pennsylvania Railroad Company against Swift & Co. Sur motion to dismiss. Rule discharged.

John Hampton Barnes, of Philadelphia, Pa., for plaintiff.

R. D. Rynder, of Chicago, Ill., and M. Hampton Todd, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. There is really nothing more called for in disposing of this rule than to announce the conclusion reached and the ground upon which it is based. The motion is denied. The denial is based on the broad fact that to now allow it would result in a delay to the plaintiff of all the time which has elapsed since October, 1915, and that this time would have been saved by a prompt assertion by the defendant of the privilege now claimed.

It is, however, the due of counsel, who have presented the merits of a case with the fullness and clearness of argument with which we have been favored, to know that their point of view has been appreciated and considered. We owe, moreover, something to our profession and to those who must hunt for principles of law out of the multitude of single instances. It is further to be observed that, in this particular case, what is in effect a waiver has been found not based upon any one of the positive acts of defendant, nor upon all of them combined, but upon a consequence, the sole, or indeed the clear, responsibility for which cannot with an entire feeling of satisfaction be visited upon the defendant. These considerations compel us to express our views with a fullness which otherwise would be out of place. The findings may be summed up in this statement: The claim of right which the defendant sets up is a privilege rather than a right. The motion is essentially a plea in abatement, the price of which is the giving to the plaintiff of a better writ and the opportunity to promptly resort to it.

Motions of the general character of the present motion may be roughly classified as those founded upon a right or founded upon an appeal to the discretion of the court. Consideration of motions of this second class commonly ends in a contrast of the advantages or conveniences which flow to one side or the other from whatever dis-

position is made of the motion. Counsel are often better judges of these than the court can possibly be, and if (as sometimes happens) counsel disagree one principle upon which such motions can be determined is leave to the party who has the field the possession of it. The application of this principle would result in a refusal to dismiss this action. The motion before us, however, is not founded upon an appeal to the discretion of the court, but founded upon what is averred to be the right of the defendant. It is therefore to be so disposed of.

The question raised is often pressed as a question of jurisdiction. It is such in a sense, but a more accurate definition of it is a question of privilege to a litigant which must be accorded him as a right. Under the provisions of our Constitution, the judicial power of the United States extends to all cases at law arising out of either the Constitution or the laws in pursuance thereof, and extends also to all controversies, however arising, which exist between citizens of different states and involve in value the sum which gives jurisdiction to the court asked to determine the case. Congress, in pursuance of its constitutional power so to do, has created and constituted District Courts, and has defined the conditions under and upon which they shall exercise the jurisdiction conferred upon them. This court has jurisdiction (in the general sense of that term) of this cause, because it is a case necessarily involving the meaning, and because of this the interpretation, of the laws of the United States. We also have jurisdiction of the controversy between these parties, irrespective of how the controversy arises, because of diverse citizenship. Jurisdiction in its general, and perhaps in its strict, sense cannot, therefore, be successfully challenged.

By the provisions of the Judicial Code,[1] however, a party who asks the courts of the United States to take cognizance of a cause of action is himself given and is subjected to the grant to the other party of certain privileges which rise to the dignity of rights. If the sole ground of jurisdiction is diverse citizenship, then the party who has assumed the role of plaintiff may bring his action in the district of which he himself is a resident, provided, of course, he can secure service upon the party made defendant. On the other hand, when diverse citizenship is not the sole ground of jurisdiction, but the courts of the United States would have jurisdiction without this diversity of citizenship, then the privilege, which is likewise called a right, is given the defendant to be sued only in that district of which he is a resident. This statement brings to light, if not one of the points to be decided, one of the features of this case which directly bears upon what is to be decided. We have thus chosen our words, because we assume that, if the above feature of this case were the only one bearing upon the allowance of this rule, it would be conceded that it must be allowed. At all events, it has been authoritatively so decided. Macon v. Atlantic, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300.

The right referred to being, however, as has been intimated, not an absolute right, in the sense in which we are now viewing it, but partaking also of the nature of a privilege, it is one which the party

[1] Act March 3, 1911, c. 231, 36 Stat. 1087.

concerned may assert in a demand for its· recognition, or may waive, and the real question in this case is whether or not the defendant has waived it. St. Louis v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659. It is not asserted that there has been any direct or formal waiver. If, however, the defendant has asserted any other right, or done any act, or made any move which necessarily involves or carries the necessary implication of a waiver, he is deemed to have waived his privilege as fully as if he had formally done so.

We will here summarize all the acts of the defendant which are asserted by· the plaintiff to necessarily imply this waiver, in order that we may find whether any one of them or all together do carry this implication. One of the acts is that the defendant entered a general appearance to the action. It must be conceded that this might justify, or indeed compel, the finding of a waiver. It must also be conceded that under other conditions it would not have this meaning. Crown v. Turner (C. C.) 82 Fed. 337. This takes us into an inquiry into the conditions here. We find plaintiff to have filed its præcipe and to have had a writ issued which gave no other information than that the plaintiff was proposing to assert a cause of action of which this court had jurisdiction upon the ground of diverse citizenship. No statement of claim had at that time been filed, and because of this no other ground of jurisdiction appeared. On the face of the record as it then stood, the privilege which the defendant is now asserting did not belong to it, and because of this the defendant was not called upon to assert a privilege which did not exist. Another act of the defendant which is advanced is this: At the time the præcipe was filed, counsel for defendant was expecting to be away from his office for some time following the issuance of the writ. He, because of this, requested counsel for plaintiff not to require him to file an affidavit of defense during the period of his expected absence. With this request counsel for plaintiff promptly and graciously complied. A third act adverted to as carrying the implication of a waiver is the act of the defendant, after the statement of claim had been filed, in entering a rule upon the plaintiff for a more specific statement. It may be observed here, as well as later in the discussion, that the basis for this rule was that, although it appeared inferentially, or at least by way of suggestion, from the statement of claim as filed, that the cause of action as averred arose out of the shipment of cattle as a part of interstate commerce, there was nowhere in the statment of claim the specific averment that the shipments in fact were interstate shipments. The motive for taking the rule was, or at least may have been, to lay ground for it by having the record clearly show another ground of jurisdiction in this court, to wit, that it involved an interpretation of a law of the United States. From the conditions surrounding the act, it does not necessarily imply a waiver. The above, without further discussion, indicates the reasons for finding that neither the entry of an appearance to the action as brought nor the rule taken imply a waiver.

This leaves for consideration only the request for time and the combined effect of all the acts done, and also what was not done. We have discussed the question of implied waiver as one of a com-

pelled inference. The compulsion, however, is not limited to the logical, but may be in part ethical, and partake of the character of an estoppel. Out of this has sprung the doctrine that the privilege of the defendant is one which must be asserted promptly, or cannot be asserted at all. This is based upon the proposition that, if the plaintiff is to be put out of court, the right of the defendant to put him out cannot be so used as to unduly delay the plaintiff, or put him to any other disadvantage, and if such is the result the privilege cannot be asserted. This drives us to either absurdly fine distinctions or to a very broad view of the equities arising out of the results, without regard to how they came about. The action was brought October 13, 1915. This motion was made October 18, 1916. Without ascribing the delay to the fault of any one, and keeping far from imputing a motive to delay to any one, the result is that nearly two years must elapse between the two actions, if plaintiff is forced to bring another. This inevitable consequence results in a reluctance to dismiss, unless the refusal to dismiss involves the denial of a right of defendant. This we do not think is involved. We reach the conclusion indicated through the finding that the waiver of privilege was by the delay of the defendant itself, and not by the acts of counsel. They waived no right of their client. The entry of a general appearance has been discussed. The extension of time in which to file an affidavit of defense waived nothing except possible rights of the plaintiff. The rule taken was in line with and for the purpose of asserting the rights of defendant, and could not be construed as an act of waiver. There is nothing in the case, however, to suggest that the defendant did not know of the transactions (in which it had part) out of which this controversy has arisen. It therefore knew it possessed the privilege of being sued in its home jurisdiction. It should therefore have instructed its counsel to assert this right. If this instruction had been given, the plaintiff would promptly have been put on notice, and the delay which has arisen would not have resulted. We cannot now allow to defendant its privilege without serious disadvantage to plaintiff, and find the delay to operate as a waiver, and further find the defendant to have no right to reassert a privilege which has been waived.

The rule to dismiss is discharged.