VENNER v. PENNSYLVANIA STEEL CO. OF NEW JERSEY et al.

(District Court, D. New Jersey. April 18, 1918.)

1. COURTS ⬦424—FEDERAL COURTS—JURISDICTION.

The District Court's jurisdiction is the creature of the acts of Congress enacted pursuant to the Constitution, and, apart from powers inherent in a lawfully constituted judicial tribunal, such court has no jurisdiction, other than that legislatively conferred upon it.

2. COURTS ⬦270—FEDERAL COURTS—JURISDICTION—RESIDENCE OF DEFENDANT.

While a bill charging a violation of Sherman Act July 2, 1890, c. 647, 26 Stat. 209, and Clayton Act (Oct. 15, 1914, c. 323, 38 Stat. 730), presents a federal question, justiciable under Judicial Code (Act March 3, 1911, c. 231) § 24(a), 36 Stat. 1091 (Comp. St. 1916, § 991), in the District Court, regardless of the citizenship of the parties, yet under section 51 (Comp. St. 1916, § 1033) such suit cannot be brought by original process in any other district than that of which defendant is an inhabitant.

3. COURTS ⬦271—JURISDICTION—SHERMAN ACT—"FOUND."

Under Sherman Act, § 7 (Comp. St. 1916, § 8829), and Clayton Act, §§ 4, 7 (Comp. St. 1916, § 8835d), authorizing suits for violation to be brought within the district where defendant resides or is found, a defendant having an office and doing business within a district is "found" therein.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Find—Found.]

4. MONOPOLIES ⬦24(2)—VIOLATIONS—SUITS TO PREVENT.

No one other than a United States attorney may bring the suit authorized by Sherman Act, § 4 (Comp. St. 1916, § 8823), to prevent violations of the act.

5. MONOPOLIES ⬦28—ACTIONS—SCOPE.

Sherman Act, § 7, authorizing any person, injured in business or property by reason of anything therein declared to be unlawful, to recover threefold damages, applies only to actions at law.

6. MONOPOLIES ⬦28—RELIEF—INJUNCTIVE RELIEF.

Clayton Act, § 16 (Comp. St. 1916, § 8835o), providing that any person shall be entitled to injunctive relief, in any federal court having jurisdiction over the parties, against threatened loss or damage by a violation of the anti-trust laws, is limited to suits seeking preventive relief, and does not include a suit to annul a completed transaction.

7. COURTS ⬦270—FEDERAL COURTS—ACTIONS—VENUE.

A suit to set aside a transaction whereby one corporation acquired the property of a competitor, on the ground that it was in violation of the Sherman and Clayton Acts, must be brought in the district wherein the defendant is an inhabitant, as provided by Judicial Code, § 51; none of the venue provisions of those acts being applicable.

8. COURTS ⬦264(1)—FEDERAL COURTS—ANCILLARY JURISDICTION.

The ancillary jurisdiction of the federal courts to protect property within their control from interference, etc., is dependent on the original suit, and is not ousted because new parties are brought in, any more than by a subsequent change in the condition arising pendente lite.

9. COURTS ⬦264(1)—FEDERAL COURTS—ANCILLARY JURISDICTION.

The ancillary jurisdiction of the federal courts may be invoked by a stranger to the original suit.

10. JUDGMENT ⬦682(1)—BONA FIDE PURCHASERS—PURCHASERS PENDENTE LITE.

A purchaser of property pendente lite is as conclusively bound by the results of the litigation as if he had from the outset been a party.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

11. EQUITY ⊂⊃115 — BRINGING IN PARTIES — ANCILLARY JURISDICTION — GROUNDS OF EXERCISE.

Because a purchaser pendente lite will be bound by the results of the litigation will not alone justify the making him a party by ancillary proceedings before final decree.

12. COURTS ⊂⊃264(2) — ANCILLARY JURISDICTION — SUPPLEMENTAL BILL.

Where a bill seeking to enjoin a corporation from selling its assets on the ground of violation of the anti-trust acts, etc., did not make the prospective purchaser a party because it was a nonresident of the district, *held* that, after consummation of the transaction, a supplemental bill, seeking the same relief, etc., did not invoke the ancillary jurisdiction of the court, and give it jurisdiction of the purchaser.

In Equity. Bill by Joseph H. Brandt against the Pennsylvania Steel Company of New Jersey and others, in which Clarence H. Venner was permitted to intervene as complainant. Pursuant to the prayer of a supplemental bill filed by the intervener, the Bethlehem Steel Company, a corporation of the state of Pennsylvania, was made a party defendant. On motion to quash service of subpœna. Motion granted.

Lindabury, Depue & Faulks, of Newark, N. J. (R. V. Lindabury, of Newark, N. J., of counsel), for the motion.

McCarter & English, of Newark, N. J. (Robt. H. McCarter and Arthur F. Egner, both of Newark, N. J., and Elijah H. Zoline, of New York City, of counsel), opposed.

RELLSTAB, District Judge. The Bethlehem Steel Company, a corporation of the state of Pennsylvania (hereinafter called the Bethlehem Company), was made a party defendant, pursuant to the prayer of the supplemental bill filed in this cause. It appears specially for the sole purpose of objecting to the jurisdiction of the court, and moves to quash the service of the subpœna, whereby it was brought into the suit, upon the ground that the action is brought in a district where neither the plaintiff nor itself is a resident or inhabitant.

The original bill was filed May 2, 1916, by Joseph H. Brandt, a citizen and resident of Pennsylvania, against the Pennsylvania Steel Company of New Jersey, a citizen of New Jersey (hereinafter called the New Jersey Company), and its officers and directors. The Bethlehem Company was not made a defendant, for the reason, alleged in the bill, that it could not "properly be brought in this jurisdiction."

On May 15, 1916, Clarence H. Venner, a stockholder of the New Jersey Company and a citizen and resident of New York, was permitted to intervene as a party plaintiff. On May 23, 1916, Brandt withdrew, and the bill was dismissed as to him. Venner has since been the sole plaintiff. On the same date this court denied plaintiff's motion for a preliminary injunction, which action was affirmed by the Circuit Court of Appeals on June 30, 1916. See 233 Fed. 407, 147 C. C. A. 343. As between the parties to the original bill, there was diversity of citizenship, the requisite amount in controversy, and inhabitancy of the defendants in this district, to give this court jurisdiction.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On May 14, 1917, Venner filed the supplemental bill referred to. It is obvious that, if jurisdiction over the Bethlehem Company depends upon its being sued in the district whereof it is an inhabitant, the motion to quash must prevail. The plaintiff contends, however, that this court's jurisdiction is not thus limited; that, as to the original bill, this court had jurisdiction, not only on the ground of diversity of citizenship between the parties, but also because of the existence of a federal question; and that the supplemental bill is ancillary to and in aid of the original bill. That a federal question is raised by either or both of the bills does not in itself, as will presently appear, entitle the plaintiff to make a defendant a party to this suit in a district other than where such a defendant is an inhabitant.

To determine the questions of jurisdiction here raised, a correct understanding of the cause of action and the relation of the parties thereto, as stated by the two bills, is necessary. On May 23, 1916, when the preliminary injunction was denied, the original bill, as amended, in substance alleged that the New Jersey Company was about to accept a proposal made by the Bethlehem Company (a direct competitor) to dissolve and liquidate under the New Jersey corporation laws, and convey all the assets owned by it and its subsidiaries to the Bethlehem Company; that such proposed sale and dissolution were ultra vires, in derogation of plaintiff's rights under the common law, general rules of equity, the statutes and public policy of New Jersey, in violation of that state's corporation and anti-trust laws, and also in violation of the anti-trust laws of the United States, known as the Sherman and Clayton Acts. It prayed to enjoin such dissolution and the sale of assets, either directly or indirectly, to the Bethlehem Company or to any other person.

In the supplemental bill, filed May 14, 1917 (nearly a year after this court's denial of the preliminary injunction was affirmed), in substance it is alleged that, since the refusal of this court to grant a preliminary injunction, "the transaction complained of in the bill of complaint, varying somewhat in detail, but not in substance or in its object as outlined in the original bill," had been consummated; that a New Jersey corporation, known as the Bethlehem Steel Corporation (hereinafter called the Bethlehem Corporation), acting in conjunction with the defendants or some of them, organized a corporation known as the Penn-Mary Company, under the laws of Pennsylvania, for the sole purpose of acquiring the assets of the New Jersey Company and its subsidiaries; that said assets were thereafter conveyed to the Penn-Mary Company, and that the latter company, on or about July 1, 1916, leased all the tangible property so acquired to the Bethlehem Company, which is now in possession of the same; that the entire capital stock of the Penn-Mary Company is owned by either the Bethlehem Company or the Bethlehem Corporation, and that the latter owns all the capital stock of the Bethlehem Company, and controls and dominates its operations; that the organization of the Penn-Mary Company was a mere device to disguise the transaction, and that the sale was as originally planned and in the interest of the Bethlehem Corporation, its subsidiaries, and the individual defendants in the original bill; that

this sale was in restraint of interstate and foreign commerce, and violated the said anti-trust laws of the United States, and also the laws of the state of New Jersey; and that the Bethlehem Company had an office and was doing business in the state of New Jersey. The prayer of the supplemental bill is that the Bethlehem Corporation, the Bethlehem Company, and the Penn-Mary Company be made defendants, and directed to appear and answer the original and supplemental bills, and that such sale and lease be held a violation of the United States and New Jersey anti-trust laws, and in fraud of plaintiff's rights as a stockholder of the New Jersey Company, and illegal, and set aside.

[1, 2] As to the federal question, both bills charge that the transactions complained of violate the Sherman and Clayton Acts, and, on their face, present federal questions justiciable in some federal court, irrespective of the citizenship of the parties. Section 24 (a), Judicial Code. Does the fact that the Bethlehem Company has an office and does business in this state give this court jurisdiction over it, regardless of its opposition? A District Court's jurisdiction is the creature of the acts of Congress enacted in pursuance of the Constitution, and apart from the powers inherent in a lawfully constituted judicial tribunal, has no jurisdiction other than that legislatively conferred upon it. Ladew v. Tennessee Copper Co., 218 U. S. 357, 368, 31 Sup. Ct. 81, 54 L. Ed. 1069; Ostrom v. Edison (D. C.) 244 Fed. 228.

Unless some statutory regulation other than that contained in section 51 of the Judicial Code (Act March 3, 1911, 36 Stat. 1101) authorizes this disputed service, it cannot be maintained merely because a federal question is involved, for that section provides that, except in certain cases (federal questions not being included within the exceptions), "no civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." Macon Grocery Co. v. Atlantic Coast Line R. Co., 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300; Male v. Atchison, Topeka & Santa Fé Ry. Co., 240 U. S. 97, 36 Sup. Ct. 351, 60 L. Ed. 544; Newell v. Baltimore & O. R. Co. (C. C. W. D. Penn.) 181 Fed. 698; Southern Pac. Co. v. Arlington Heights Fruit Co. (C. C. A. 9) 191 Fed. 101, 111 C. C. A. 581; Pennsylvania R. Co. v. Swift (D. C. E. D. Penn.) 242 Fed. 92.

[3-7] Suits authorized by the Sherman Act may be brought in the district where the defendant "resides or is found or has an agent." 26 Stat. 209, § 7; 38 Stat. 731, § 4. Having an office and doing business within this district, as alleged by the supplemental bill, the Bethlehem Company is "found," within the meaning of the Sherman and Clayton Acts. St. Louis S. W. Ry. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Dobson v. Farbenfabriken, etc. (D. C.) 206 Fed. 125. As the process was served upon the Bethlehem Company in this district, the pertinent inquiry, as far as the Sherman Act is concerned, is whether these proceedings present a cause of action, under such act, cognizance whereof may be had over a defendant by serving it where found, as distinguished from a cause of action, however derived, whereof cognizance of a partic-

ular defendant depends upon its being served in the district of its inhabitancy.

Section 4 of that act makes it the duty of the United States district attorney, under the' direction of the Attorney General, to institute suits in equity to prevent violations of the act. No private person is expressly authorized to bring these suits, and no one other than a United States attorney may bring the suit authorized in that section. Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; Paine Lumber Co. v. Neal, 244 U. S. 459, 37 Sup. Ct. 718, 61 L. Ed. 1256. Section 7 authorizes any person "injured in his business or property * * * by reason of anything forbidden or declared to be unlawful" by that act to sue and recover threefold damages. Obviously such suits include only actions at law. Fleitmann v. Welsbach Co., 240 U. S. 27, 36 Sup. Ct. 233, 60 L. Ed. 505.

The Clayton Act (38 Stat. 730), in important respects, enlarges both the jurisdiction of the federal court and the rights of private litigants therein, as to matters forbidden by the Sherman and Clayton Acts. Section 4 of the Clayton Act is similar to section 7 of the Sherman Act, but by the insertion of the words "or has an agent" in the venue clause, the plaintiff, in some circumstances, has additional districts in which to bring his suit to those permitted by section 7 of the Sherman Act. However, suits founded on this section, like those based on section 7 of the Sherman Act, are confined to actions at law. Section 12 of the Clayton Act (Comp. St. 1916, § 8835k) deals only with the venue of proceedings against corporations, and perhaps affords the plaintiff additional districts wherein he may sue that class of defendants. Section 16 of that act provides that:

"Any person * * * shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the anti-trust laws, * * * when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings. * * *"

The suits covered by this latter section are limited to those seeking preventative relief; i. e., injunction "against threatened loss or damage." Fleitmann v. Welsbach Co., 240 U. S. 27, 36 Sup. Ct. 233, 60 L. Ed. 505; Union Pac. R. Co. v. Frank, 226 Fed. 906, 141 C. C. A. 510. No other equitable suits, at the instance of private parties are expressly authorized by the Clayton Act; and, as the relief sought in the present supplemental bill is not of a preventative character but to annul a consummated transaction, none of the venue provisions of the Sherman or Clayton Acts is available to him under that bill. To obtain that character of relief in a federal court, the plaintiff must bring his suit in the district whereof the defendant is an inhabitant, as provided by section 51 of the Judicial Code. The service of process upon the Bethlehem Company cannot be sustained on the ground that the supplemental bill presents a federal question.

[8-12] Is the supplemental bill ancillary in its character? A generalization of the cases, presently noted, seemingly justifies the following, not as a precise classification, but an illustration of what consti-

tutes ancillary jurisdiction in a federal court. It is a supplemental proceeding (a) to protect from interference with, and to determine, conflicting claims to assets, within its administrative control, and (b) to control and regulate suits brought before it and to restrain or enforce its judgments, or to further deal with the subject-matter thereof. Any proceeding having one or the other of these objects in view intervening in an existing action, whether by bill, petition, or motion, is dependent on the original suit, and the federal courts have cognizance thereof independent of any distinct ground of federal jurisdiction. Such jurisdiction may be invoked by a stranger to the original suit, and will not fail because new parties are brought in any more than a subsequent change in conditions arising pendente lite ousts the federal jurisdiction after it has once attached. Dunn v. Clarke, 33 U. S. (8 Pet.) 1, 8 L. Ed. 845; Clarke v. Mathewson, 37 U. S. (12 Pet.) 164, 9 L. Ed. 1041; Freeman v. Howe, 65 U. S. (24 How.) 450, 16 L. Ed. 749; Minnesota Co. v. St. Paul Co., 69 U. S. (2 Wall.) 609, 17 L. Ed. 886; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Gumbel v. Pitkin, 124 U. S. 131, 8 Sup. Ct. 379, 31 L. Ed. 374; Rouse v. Letcher, 156 U. S. 47; [1] Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629; Kirby v. American Soda Fountain Co., 194 U. S. 141, 24 Sup. Ct. 619, 48 L. Ed. 911; Merriam Co. v. Saalfield, 241 U. S. 22, 36 Sup. Ct. 477, 60 L. Ed. 868; Eichel v. U. S. Fidelity & Guaranty Co., 245 U. S. 102, 38 Sup. Ct. 47, 62 L. Ed. ——; The Cortes Co. v. Thannhauser (C. C.) 9 Fed. 226; Miller v. Rogers (C. C. W. D. Penn.) 29 Fed. 401; Compton v. Jesup (C. C. A. 6) 68 Fed. 263, 15 C. C. A. 397; Toledo, St. L. & K. C. R. Co. v. Continental Trust Co. (C. C. A. 6) 95 Fed. 497, 36 C. C. A. 155; Manning v. Berdan (C. C. N. J.) 132 Fed. 382; Campbell v. Golden Cycle Min. Co. (C. C. A. 8) 141 Fed. 610, 73 C. C. A. 260; Ferguson v. Omaha & S. W. R. Co. (C. C. A. 8) 227 Fed. 513, 142 C. C. A. 145.

The purpose of the present supplemental bill, undoubtedly, is to aid the original suit; but, according to its own allegations, so far as it affects the status of the Bethlehem Company to the suit, its relation to the controversy is substantially now what it was at the time the original bill was filed. At that time, according to the original bill's allegations, it had made an offer to purchase the assets of the New Jersey Company and its subsidiaries, upon condition that the former dissolve, and the purpose of the bill was to prevent that purchase and dissolution.

At the filing of the supplemental bill both the sale and dissolution had been effected. The title was taken by the Penn-Mary Company, a corporation organized during the pendency of the original suit, which leased the premises in question to the Bethlehem Company. The capital stock of this purchasing company is owned either wholly by the Bethlehem Company, or by it in conjunction with the Bethlehem Corporation, and the latter, a New Jersey company, owns all the capital stock of the Bethlehem Company. The supplemental bill treats this change in acquiring title and possession of the New Jersey Company's assets as a mere subterfuge, and charges that it is a substantial car-

[1] 15 Sup. Ct. 266, 39 L. Ed. 341.

rying out of the original plans. According to the theory of the supplemental bill, the Bethlehem Company is in no different relation to the transaction complained of in the original bill than it was at the time of the filing of that bill, save that it is now possessed of that which the original bill sought to prevent it from acquiring.

The original bill alleged the noninhabitancy of the Bethlehem Company in this district as the reason for its not making that company a defendant to that bill. On principle, as nothing has transpired pendente lite that changes substantially the relation of the Bethlehem Company to the alleged wrongdoing made the basis for filing of the original bill, it cannot now be made a party to that suit in ancillary proceedings. No case has been cited, nor have I been able to find any, whose teachings would justify the holding of this supplemental bill as an ancillary one.

A different result would obtain, had this court ever taken possession of the New Jersey Company's assets, because the possession of the res draws to the court full control over any matters affecting such property. Whether a final decree made by this court, if it be in favor of the plaintiff, may or may not be enforced against the Bethlehem Company by process issuing directly out of this court, is a question of little moment on this motion. If it may, the plaintiff can await that event. If not, other proceedings are available for that purpose. A purchaser of property pendente lite is as conclusively bound by the results of the litigation as if he had from the outset been a party thereto. Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858; Lacassagne v. Chapuis, 144 U. S. 119, 125, 112 Sup. Ct. 659, 36 L. Ed. 368; Hargrove v. Cherokee Nation (C. C. A. 8) 129 Fed. 186, 190, 63 C. C. A. 276. But, because one not a party may be so bound, that fact alone will not justify making him a party by ancillary proceedings before final decree. Merriam v. Saalfield, supra.

The original plaintiff in this proceeding had his choice of courts. He chose the one which, because of the venue restrictions established by Congress, excluded the Bethlehem Company from being made a party in the original suit without its consent. The intervening plaintiff chose to continue that suit thus restricted. The latter, having exercised his choice, is bound by the limitations, when invoking ancillary jurisdiction, before a final decree has been entered in the original suit, just as fully as the original plaintiff was in filing the original bill, where, as here, the transaction complained of in the supplemental bill is, according to its own allegations, substantially the same as that complained of in the original bill.

The motion to quash is granted.