RAILROAD COMPANIES v. CHAMBERLAIN.

Where a bill was filed by a Wisconsin railroad company to set aside a judgment, and a lease in the nature of a mortgage to secure the same, and another railroad corporation created by the same State, having become equitable owner of the lease and mortgage, was admitted as defendant, and also filed a cross-bill to have the judgment enforced, the Circuit Court dismissed the original bill on the merits, and also dismissed the cross-bill for want of jurisdiction, the parties being all citizens of the same State: *Held*, that this latter decree was erroneous; the proceeding being merely ancillary to the judgment in the Circuit Court, which could only be enforced in that court.

THESE were two appeals from the Circuit Court for the District of Wisconsin; one by the Milwaukee and Minnesota Railroad Company against Chamberlain, the other by the Milwaukee and St. Paul Railroad Company against both the parties to the other case.

In the first case the bill of complaint was filed by the Milwaukee and Minnesota Railroad Company against Chamberlain, to set aside a lease executed to him by the La Crosse and Milwaukee Railroad on the 26th September, 1857, of their road, with the intent to hinder and delay their creditors; and, also, to set aside a judgment which the company had confessed to Chamberlain for the sum of $429,089.72 on the 2d October, 1857, which, it was also charged, was confessed with the like intent. The Milwaukee and St. Paul Company were admitted as defendant on the ground that it had become the owner of the lease and judgment. Answers were put in by both the defendants, and proofs taken.

On the 23d May, 1865, the Milwaukee and St. Paul Company filed a cross-bill against the Milwaukee and Minnesota Company and Chamberlain, setting forth the indebtedness of the La Crosse and Milwaukee Company to Chamberlain; that the complainant had become the equitable owner of this debt for a full consideration; that the lease and judgment, the former being a security for the latter, were liens on the Eastern Division of the road, which was largely encumbered by prior mortgages, and which, together with the aforesaid judgment, far exceeded its value, and that the complainant had no adequate remedy at law. The bill then prayed that the judgment might be decreed a valid and subsisting lien on the road, appurtenances, and franchises, and that they might be decreed to be sold to satisfy it. The defendants put in an answer, and the cause went to the proofs. This was the second suit of the two above-mentioned suits. Much testimony was taken on both sides, which was found in the record; and the court below, after full consideration, dismissed the bill in the principal suit on the merits as to the Chamberlain judgment, and decreed in favor of the force and effect of that judgment; but dismissed the cross-bill for the reason that the two companies were incompetent to litigate the matter set forth in that bill on account of the residence of the parties, both being corporations of the State of Wisconsin.

*Mr. Cushing, for the appellant in the first case ; Messrs. Cary and Carlisle, contra ; the position of counsel being reversed in the cross-bill.*

Mr. Justice NELSON delivered the opinion of the court

We think that the court erred in dismissing the cross-bill. It was filed for the purpose of enforcing the judgment, which was in the Circuit Court, and could be filed in no other court, and was but ancillary to and dependent upon the original suit—an appropriate proceeding for the purpose of obtaining satisfaction.  The lease was in the nature of a mortgage, and held only as collateral security, and followed the judgment.*

The decree in the first suit must be affirmed, and that in the second reversed, and the cause remitted to the court below to enter a decree

IN CONFORMITY WITH THIS OPINION.

---

* Freeman *v.* Howe et al., 24 Howard, 451.