## THOMPSON *v.* McREYNOLDS and others.

*(District Court, W. D. Arkansas.* January 20, 1887.)

1. COURTS—FEDERAL—JURISDICTION—CITIZENSHIP—ASSIGNMENT OF JUDGMENT.
    In a suit to enjoin the assignment of a judgment in a federal court, the court has jurisdiction without regard to the citizenship of the parties to such suit.

2. SAME—ORIGINAL SUIT.
    Such suit is not an original suit, but is auxiliary to, and dependent, upon, the original suit.

3. SAME—PARTIES.
    Parties to the original suit, or persons who are not parties to such suit, and who are entitled to any relief in connection with or growing out of the original suit, may come into court, by bill in equity, and have a remedy regardless of citizenship.

*(Syllabus by the Court.)*

In Equity.

*D. H. Hammond, Ellis & McDaniel,* and *U. M. & G. B. Rose,* for plaintiff.

*John G. Chandler* and *Ben T. Du Val,* for defendants.

PARKER, J. This is a suit in equity, brought to prevent defendant McReynolds from assigning a certain judgment recovered, as is alleged in the bill, in this court, March 4, 1874, in favor of defendants Whittaker and Mathews against the county of Carrol, in the state of Arkansas, and in this district, for the sum of $13,988.96. It is alleged in the bill that said judgment was in truth the property of McReynolds, and that Mathews and Whittaker were only trustees for McReynolds. It is further alleged that McReynolds, being insolvent, executed to defendant Claypool a general assignment of his property for the benefit of creditors,—said assignment is made part of the bill, and is void on its face; that plaintiff has recovered a judgment against McReynolds in the circuit court of the state, for Benton county, for the sum of $1,252.25; that said McReynolds has no other property of any kind which can be subjected to the payment of the debt of plaintiff, save and except the judgment of this court; that, unless McReynolds is prevented, he will assign the judgment in this court for the fraudulent purpose of preventing an application of its proceeds to the payment of the judgment debt due to your orator. It is prayed in the bill that McReynolds may be enjoined from assigning said judgment of this court. This suit is against S. D. McReynolds, S. H. Claypool, Leonard Mathews, Edward Whittaker, and Carrol county. As a matter of fact, the plaintiff, and defendants McReynolds, Claypool, and Carrol county, are citizens of Arkansas, and of this district. Mathews and Whittaker are citizens of Missouri. This fact is conceded. The defendants file a demurrer, and for cause thereof they say "that, upon the facts stated in said bill, this court has no jurisdiction of the cause, because citizenship and residence of none of the parties, complainant or defendant, are averred in the bill, and, for all

that appears, none of them except Carrol county may be citizens or residents of any state."

The sole question raised by this demurrer is whether, in this kind of a case, it is necessary, in order to give jurisdiction, the bill should show that plaintiff and defendants are citizens of different states. If so, the demurrer must be sustained; if not, it must be overruled.

From an examination of the decisions of the supreme court of the United States upon a similar question to the one raised by the demurrer in this case, it is well settled, in my opinion, that the court has jurisdiction, not only in a case where the parties to the original judgment come into court by a bill in equity to restrain or regulate the original judgment, but also persons other than those who were parties to the original suit in which judgment was rendered, may invoke the equity side of the court to do what it has jurisdiction to do for the parties to the original judgment. The court has jurisdiction without regard to the residence of the parties. This is upon the principle that a suit to enjoin a judgment in the federal court is not an original suit, but that it is auxiliary to, and dependent upon, the original suit. Any party, regardless of his citizenship, who is entitled to any relief in connection with, or growing out of, the original suit, may come into court by bill in equity, and have a remedy, regardless of his citizenship. This right is based upon the principle that the court rendering a judgment has control over such judgment. Its jurisdiction extends to regulating, enforcing, applying the proceeds of its judgments, restraining the same, and of seeing to it that they shall be entered as satisfied, if paid. It is but a healthy exercise of this jurisdiction for the court to see to it that its judgments shall not be used for a fraudulent purpose. These views are well sustained by *Freeman* v. *Howe*, 24 How. 460; *Minnesota Co.* v. *St. Paul Co.*, 2 Wall. 609; *Railroad Co.* v. *Chamberlain*, 6 Wall. 748; *Jones* v. *Andrews*, 10 Wall. 327; *Krippendorf* v. *Hyde*, 110 U. S. 276; S. C. 4 Sup. Ct. Rep. 27; *Pacific R. R.* v. *Missouri Pac. R. R.*, 111 U. S. 505; S. C. 4 Sup. Ct. Rep. 583.

The demurrer is overruled.