**TOWLE et al. v. DONNELL et al.**

No. 5608.

Circuit Court of Appeals, Sixth Circuit.

April 17, 1931.

H. B. Talley, of Murfreesboro, Tenn., for appellants.

T. W. Schlater, Jr., of Nashville, Tenn. (Price, Schlater & Price, of Nashville, Tenn., on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and SIMONS, District Judge.

DENISON, Circuit Judge.

Towle, a citizen of Nebraska, filed in the court below a bill in equity, seeking specific performance against Rucker and others; and eventually, specific performance being found impossible, he recovered a judgment for damages; under Towle's direction, Lillard, the United States marshal for the Middle District of Tennessee, levied an execution upon a farm in that district, known as the Jenkins farm, the title to which had been in Rucker's name, but which he had conveyed to his daughter, Mrs. Donnell. The farm being advertised for sale under this execution, Mrs. Donnell and her husband, claiming to be the owners, filed this bill in the court below— being in form an independent suit—seeking an injunction against Towle and the marshal to prevent the sale, and asking to have the levy vacated as a cloud upon their title. Their bill alleged not only the fact of Mrs. Donnell's ownership but that Rucker, her grantor, had never owned the beneficial title, so as to make it subject to the claims of his creditors, and that certain creditors of Rucker had begun a suit in the proper chancery court of Tennessee, for the purpose of setting aside the conveyance from Rucker to Mrs. Donnell, as being fraudulent as against Rucker's creditors; and that this had resulted in a decree in favor of Mrs. Donnell, confirming her title as against Rucker's creditors. The court below, against objection promptly made, sustained the federal jurisdiction, in spite of the fact that plaintiffs and the marshal were citizens of Tennessee.

1. This was right. The case was, in substance, ancillary to the pending case in which judgment had been obtained and execution issued and in which the jurisdiction, by virtue of diverse citizenship, was clear. Any proceeding which sought to aid or to stay the execution was ancillary and invoked a vicarious jurisdiction.

The decisions are clear to this effect; and they are not escaped because the bill formally alleges that the marshal knew Mrs. Donnell owned the property and his levy was an abuse of process. Taking together the whole bill and the exhibits, they fairly indicate a controversy between Towle and Mrs. Donnell as to whether her title was subject to the claims of Rucker's creditors, and show that the marshal was acting, by color of his office, to enforce Towle's contentions. Lumley v. Wabash R. Co. (C. C. A. 6) 76 F. 66, 69; Brun v. Mann (C. C. A. 8) 151 F. 145, 150, 12 L. R. A. (N. S.) 154; Lee Line v. Robinson (C. C. A. 6) 232 F. 417, 418.

2. Towle answered, presenting the very claim which the bill had indicated— viz. that the farm was, as against his creditors, the property of Rucker—and asking a decree declaring the Rucker-Donnell deed to be fraudulent. Thereupon, plaintiffs, over objection, were allowed to file a reply. This

was permissible under Equity Rule 31 (28 USCA § 723), if the answer could be treated as a counterclaim. Perhaps it should not have been so considered, but no harm was done by allowing the reply to be filed. It really only amplified the bill, by giving full particulars of the former case in the state court and by formally claiming that the controlling question had thereby become res judicata. Observing that if this claim were correct, a decree for plaintiffs in this case would necessarily follow, the court made reference to a special master to ascertain and report the facts bearing on the existence of an adjudication which would control the present case. Upon the master's findings of fact and reported testimony, the court sustained the theory of res judicata, and entered a final decree accordingly. If this practice was irregular, in that it tended to prevent taking all the issues up for review in one appeal at one time, it in no way prejudiced defendants in this case. If they desired to attack the state court proceedings as collusive, as they now intimate, there is no reason to suppose that the master, or the court, would have denied them that opportunity. They made no such request, but elected to stand on their view of the law.

█ 3. When a conveyance by an insolvent debtor is thought to be fraudulent as against his creditors and a creditors' bill is filed and due proceedings had, which provide opportunity for all creditors to join, the suit is representative of the creditor class, and those creditors who do not join, as well as those who do, are bound by the decree. Freeman on Judgments (5th Ed.) 952, 954; Throckmorton v. Hickman (C. C. A. 3) 279 F. 196, 201, 202.

█ The records of the state court show that February 1, 1922, the First National Bank and the Stones River Bank filed their bill against Rucker, Mrs. Donnell, et al., alleging that they were creditors of Rucker, secured by mortgage upon certain parcels of land and property, and asking foreclosure and a judgment against Rucker for the deficiency, alleging that the conveyance of the Jenkins farm by Rucker to his daughter was fraudulent as against creditors, and asking that this conveyance be set aside if it became necessary to resort to that property. This bill was not, in form, a general creditors' bill, but to some extent approximated that character. To the suit thus commenced the clerk gave upon his calendar the serial No. 939. On February 13, the Farmers' Bank filed a bill in this same court which was, in form, a general creditors' bill, and which alleged, among other things, the fraudulent conveyance to Mrs. Donnell of this Jenkins farm, and which prayed that the bill be sustained as a general creditors' bill in behalf of the plaintiff and all other creditors of Rucker, that all the creditors of Rucker be required to prosecute their claims against him in this cause, and which, in further and greater detail, asked the relief appropriate to a general creditors' bill. To this suit the clerk gave the calendar No. 961; and in this suit, on July 20, 1922, a decree was entered sustaining the bill as a general creditors' bill, requiring all creditors to come in and prove their claims, enjoining all parties to all suits pending from proceeding therein, and allowing all creditors to file petitions in this cause, setting up their claims.

On July 22, a decree was entered consolidating the First National Bank case and the Farmers' Bank case and a certain other similar case by another creditor. This order was entitled in the three cases; and, because it appeared that all three cases involved the title to the Hoggatt farm (a parcel not conveyed to Mrs. Donnell), the order was that the cases be consolidated and considered and heard together, so that single pleadings could be filed in all three cases. Mrs. Donnell had already filed answer in the First National Bank case, alleging her status as a good faith purchaser, and asking by cross-bill that her title be quieted and confirmed as against Rucker's creditors. Shortly after the consolidation, she filed an answer in the Farmers' Bank case to the same general effect. While this was the situation, and on September 26, 1922, Towle began his suit in equity in the court below, asking specific performance of the contract made by Rucker and another, in connection with the carrying on of the Hoggatt farm, and asking damages if performance could not be had. He made defendants thereto, the First National Bank and the Stones River Bank, which had liens upon the Hoggatt farm. In October, these defendants answered, setting up in full the proceedings in the state court, and gave notice of the existence of the three cases and of their consolidation, and that suits by all creditors had been enjoined excepting as petitions might be filed under the specified general creditors' bill. Towle thereby received complete knowledge of the existing general creditors' bill and of his right to join therein. Thereupon the other properties, which had not been deeded to Mrs. Donnell, were sold under proceedings in the consolidated cause; and, in the meantime, proofs had been taken

upon the issue of Mrs. Donnell's title to the Jenkins farm, and in April, 1924, a decree was entered in the consolidated causes formally adjudicating that the conveyance from Rucker to Mrs. Donnell of the Jenkins farm was in good faith and free from fraud or any fraudulent intent. Thereupon the pending attachment and injunction were dissolved and the bill was dismissed. No appeal was taken. There is some irregularity, but we think only that, about this decree. The creditors' bill which had been sustained as such before the consolidation was the Farmers' Bank case No. 961. The First National Bank case, No. 939, had been consolidated with that. Plainly the character of general creditors' bill abided in the consolidated case. The decree of dismissal, dated April 15, 1924, is entitled in the First National Bank case No. 941. This numbering is upon this record evidently a clerical error for "939," because the decree proceeds to say that the answer and cross bills, which had come to a hearing, were filed in the Farmers' Bank case No. 961, "consolidated with this cause and which answer and cross-bills are hereby deemed as treated as filed herein." We think it clear that this decree should be treated as the final decree in the general creditors' case, and in favor of Mrs. Donnell; but if, by any chance, the issue pending in the general creditors' bill remained in the Farmers' Bank case, it appears this case, for some reason treated separately, had also shortly before been dismissed by final decree, finding the issue in Mrs. Donnell's favor.

The court below was right in holding that no opportunity remained for Towle to attack this conveyance, and that he was bound by the decree in the state court.

The decree is therefore affirmed.