## DICKEY et al. v. TURNER.

### No. 5626.

Circuit Court of Appeals, Sixth Circuit.
May 11, 1931.

Hunter Wilson, of Memphis, Tenn., for appellants.

Canada, Williams & Russell, of Memphis, Tenn., on the brief, for appellee.

Before DENISON, HICKS, and HICK-ENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appellee filed an injunction bill against appellants in the District Court and averred that on December 3, 1927, appellant Dickey had recovered a judgment against him therein for $5,000; that said judgment had been affirmed by this court [32 F.(2d) 1019]; that mandate had been filed in the District Court and that execution had issued or was about to issue; that on March 28, 1929, appellant Dickey had assigned this judgment for an alleged valuable consideration to appellant Taliaferro, his kinsman, and that shortly thereafter Dickey had filed his petition in bankruptcy in the Northern District of Mississippi; that in September, 1928, appellee had recovered a judgment against appellant Dickey in a circuit court of Mississippi for $5,739.99 and interest which remained unpaid; that Dickey had listed this judgment in his bankruptcy schedules; that he had listed assets of the approximate value of $327.00 only; that the alleged assignment and the bankruptcy petition were parts of a fraudulent scheme and conspiracy between Dickey and Taliaferro to force the collection of Dickey's judgment against appellee without the credit or offset in favor of appellee for the amount of his Mississippi judgment; that this was not only a fraud upon appellee but upon the bankruptcy court as well; that the assignment was void because upon an accounting appellee owed Dickey nothing; that Dickey was in fact indebted to appellee in the amount of the excess of the Mississippi judgment over the judgment against appellee.

Appellee sought an injunction against the issuance of any execution upon the judgment against him or against the enforcement thereof if it had already issued. The bill alleged that appellants Dickey and Taliaferro were residents of Mississippi and Alabama, repectively. Appellant Wilson, a resident of the district in which the bill was filed and in which appellee resided, was made a party defendant because as attorney for Dickey in the original cause, being No. 3028 on the law docket of the court, he had a lien upon the

1000

judgment against appellee for his fee of $2,-500. Appellee recognized Wilson's claim and to secure its payment tendered the money with interest into court.

Appellant Rogers, marshal of the District Court and a resident of the district, was made a defendant because the execution sought to be enjoined had come or would naturally come into his hands for enforcement.

Appellants Dickey and Taliaferro filed answers in the nature of pleas to the jurisdiction. They insisted that after the amount of Wilson's fee was deducted from the judgment against appellee the requisite jurisdictional amount was lacking, and further insisted that there was no diversity of citizenship and that being nonresidents of the state the court had no jurisdiction over them personally. Appellant Dickey later filed an amendment to his answer in which he admitted that he had listed appellee's judgment against him in the bankruptcy schedules and that he had been discharged therefrom, and filed his discharge as an exhibit to the amendment. Appellants Wilson and Rogers moved to dismiss the bill for want of jurisdiction upon the ground that there was neither diversity of citizenship nor the requisite jurisdictional amount.

Upon the pleadings thus made up the matter was referred to the standing master, who reported that the court had jurisdiction of the cause, which report, over exceptions, was confirmed and the temporary injunction was continued in force; whereupon appellants excepted, appealed and assigned errors.

■ The principal ground for reversal, urged in various forms, is that the District Court had no jurisdiction, i. e., no power to hear and decide the case because there was lacking not only diversity of citizenship between the parties but also the statutory amount in controversy. We cannot agree with this contention. The gravamen of the bill is an alleged conspiracy between Dickey and Taliaferro to use not only fraudulent bankruptcy proceedings and a fraudulent assignment to Taliaferro but also the processes of the court as instrumentalities wherewith to compel appellee to pay and satisfy a judgment which he did not equitably owe. It is undoubtedly true that the court had complete jurisdiction in the original case of Dickey v. Turner, No. 3028. It had control of all the proceedings and processes in that case, not only up to and including the recovery of the judgment therein, but until its complete satisfaction. Wayman v. Southard et al. 10 Wheat. 1–23, 6 L.

Ed. 253; Krippendorf v. Hyde, 110 U. S. 276, 4 S. Ct. 27, 28 L. Ed. 145; Brun v. Mann, 151 F. 145, 149, 12 L. R. A. (N. S.) 154 (C. C. A. 8); Loy v. Alston, 172 F. 90, 94 (C. C. A. 8).

■ The power of the court was amply sufficient to prevent its process from becoming an instrument of wrongdoing. In Compton v. Jesup, 68 F. 263, 279 (C. C. A. 6), Judge Taft said: "Again, every court has inherent equitable power to prevent its own process from working injustice to any one, and may entertain a petition by the aggrieved person, either in the form of a simple motion, or by intervention pro interesse suo in the cause in which the process issued, or by ancillary or dependent bill in equity, and may afford such relief as right and justice require. The existence of such a power, independent of statutory jurisdiction, is recognized by the supreme court in Freeman v. Howe, 24 How. 450 [16 L. Ed. 749]; Minnesota Co. v. St. Paul Co., 2 Wall. 609–633 [17 L. Ed. 886]; Railroad Co. v. Chamberlain, 6 Wall. 748 [18 L. Ed. 859]; Krippendorf v. Hyde, 110 U. S. 276, 4 S. Ct. 27 [28 L. Ed. 145]; Pac. R. Co. of Missouri v. Missouri Pac. Ry. Co., 111 U. S. 505, 4 S. Ct. 583 [28 L. Ed. 498]; Stewart v. Dunham, 115 U. S. 61, 5 S. Ct. 1163 [29 L. Ed. 329]; Phelps v. Oaks, 117 U. S. 236, 6 S. Ct. 714 [29 L. Ed. 888]; Dewey v. Coal Co., 123 U. S. 329, 8 S. Ct. 148 [31 L. Ed. 179]; Gumbel v. Pitkin, 124 U. S. 131, 8 S. Ct. 379 [31 L. Ed. 374]; Johnson v. Christian, 125 U. S. 642–646, 8 S. Ct. 989, 1135 [31 L. Ed. 820]; Morgan's L. & T. R. R. & Steamship Co. v. Texas Cent. Ry. Co., 137 U. S. 171, 11 S. Ct. 61 [34 L. Ed. 625]."

If the averments of the bill are true and the alleged conspiracy should succeed, appellee will have been forestalled in his claim of equitable set-off against a nonresident bankrupt. See North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 615, 14 S. Ct. 710, 38 L. Ed. 565; Loy v. Alston, supra.

■ We think, therefore, that the bill was purely ancillary and germane to the original suit. It set up a state of facts which if proved would establish an attempted abuse of the court's process, to defeat appellee's equitable right of set-off. This was a defense which appellee had tendered in the suit at law (his after-acquired judgment then being in the form of notes) but which, as in the case of Johnson v. Christian, supra, had therein been denied. The reason for such denial, i. e., that debt cannot be set off against a claim

for unliquidated damages growing out of tort, no longer exists. We think the bill falls clearly within the accepted definition of ancillary and dependent bills and that the jurisdiction of the court to entertain it in no wise depends upon the amount in controversy or diversity of citizenship—it depends upon the inherent power of the court to prevent abuse and injustice. The scope of this jurisdiction is fixed in the time-honored and oft-cited formula: "But a suit in equity, dependent upon a former suit of which the federal court has jurisdiction, may be maintained in the absence of a federal question and of diversity of citizenship (1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce or obtain an adjudication of liens upon, or claims to, property in the custody of the court in the original suit. Such a suit is but the continuation in a court of equity of the original suit, to the end that more complete justice may be accomplished thereby. A defendant may maintain a suit in equity of this nature against a plaintiff and those in privity with the original action to enjoin the prosecution of an action at law or the enforcement of a judgment at law until an equitable defense, which is not available at law, has been determined." Campbell v. Golden Cycle Mining Co., 141 F. 610, 612 (C. C. A. 8).

Upon the proposition and in addition to the cases heretofore cited in Compton v. Jesup, supra, see Towle v. Donnell (C. C. A.) 49 F.(2d) 49, decided April 17, 1931; Ferguson v. Omaha & S. W. R. Co., 227 F. 513, 519 (C. C. A. 8); Pell v. McCabe, 256 F. 512, 515 (C. C. A. 2); Brun v. Mann, supra; St. L.-S. F. R. Co. v. Byrnes, 24 F.(2d) 66, 69 (C. C. A. 8); Schenck v. Peay, 21 Fed. Cas. pages 667, 669, No. 12450; Thompson v. McReynolds (D. C.) 29 F. 657.

■■■ The situation was not changed because parties other than Dickey were made defendants. Krippendorf v. Hyde, supra; Venner v. Pa. Steel Co. (D. C.) 250 F. 292, 297.

Appellants Dickey and Taliaferro urge that the bill should have been dismissed as to them upon their plea to the venue, to wit, that they were nonresidents of the district in which the suit was brought. If this plea be regarded as directed at the venue of the court, the jurisdiction invoked being purely ancillary, and not original, it is obvious that the court which had jurisdiction of the original action is the proper one to consider the ancillary proceedings, provided jurisdiction over the persons of additional defendants can be secured. If the plea be considered from the viewpoint of jurisdiction over the persons of the defendants, it is equally clear that the appearances of both have been entered. Dickey was a party to the original suit and he is already in court for all ancillary proceedings even though he be a citizen of another state. Minn. Co. v. St. Paul Co., supra. Furthermore, he would have waived the privilege, had it existed, by pleading his discharge in bankruptcy, and the waiver was equally effective as to both defendants by reason of the construction placed by them upon the order of reference. The master stated that "counsel for both parties in argument and in their memoranda construe the order of reference to *authorize a report only on the question of the jurisdiction of the court to entertain plaintiff's cause of action* and not the merits." This presents the issue as one of jurisdiction of the subject-matter. It does not appear that the lack of venue or of jurisdiction of the persons of the defendants was urged either before the master or the court except by the formal filing of the answers in the nature of pleas, to which were coupled pleas of lack of jurisdiction of the subject-matter. By familiar principles such pleas enter the general appearance of the defendants so pleading. The action was thus brought in the proper court—a court having or acquiring jurisdiction both of the persons of the defendants and of the subject-matter.

■■■ Lastly, Dickey's plea of a discharge in bankruptcy presents no defense to the prayer for injunction, if the allegations of the bill are proved. The alleged fraudulent transfer of the judgment by Dickey to Taliaferro antedated the petition in bankruptcy. This judgment was not scheduled among the assets of Dickey. It may well be that appellee could not obtain the relief of equitable set-off, per se, save in the bankruptcy court, nor, it is even more clear, in any other court, without making the trustee in bankruptcy a party. This we need not, and do not, decide. It is sufficient that upon the allegations of the bill the appellee would be entitled to an injunction in respect of the fraudulently acquired and fraudulently held interest of Taliaferro in the judgment. Dickey himself claims no present interest. The instant bill was filed before Dickey received his discharge and the rights of the real parties in interest —Taliaferro and Turner—then became fixed. Under the allegations of the bill Taliaferro would take the judgment subject to the equity of Turner then attaching—to have the set-off declared in the bankruptcy court if not

elsewhere—and this equity may be enforced against Taliaferro by injunction upon proof of the fraud.

The decree is affirmed, and the case is remanded for further proceedings not inconsistent herewith.