Harold A. SERR, Director Alcohol and Tobacco Tax Division, Internal Revenue Service, Petitioner,

v.

Juleus J. SULLIVAN, Jr., et al., Respondents.

Misc. Nos. 3584–3590.

United States District Court E. D. Pennsylvania.

July 13, 1967.

John R. Sutton, Asst. U. S. Atty., Philadelphia, Pa., Philip Willens, Dept. of Justice, Washington, D. C., Kenneth L. Travis, Asst. Regional Counsel, I.R.S., Cincinnati, Ohio, for petitioner.

H. Francis DeLone and Richard Schneider, Philadelphia, Pa., Russell E. Ellis, Philip H. Strubing, Philadelphia, Pa., for Hiram Walker, Norristown, Pa., for respondents.

## OPINION

JOHN W. LORD, Jr., District Judge.

This matter comes before the Court on the petition of the Director of the Alcohol and Tobacco Tax Division (hereafter called Director), Internal Revenue Service, which requested this Court to compel respondents to appear and testify before the Director (or his authorized designate) according to the terms of a subpoena *duces tecum* issued by the Director in the proceedings involving the special investigation of Hiram Walker Incorporated (hereafter called Hiram Walker). The petition was based on the Federal Alcohol Administration Act (hereafter called Act), 27 U.S.C.A. § 202 (c) which incorporates the subpoena provisions of the Federal Trade Commission Act, 15 U.S.C.A. § 49. An order was issued requiring respondents to show cause why the subpoena should not be enforced. After hearing argument and consideration of briefs submitted by the parties and by Hiram Walker (intervenor) we have concluded that the petition for the enforcement of the subpoenas must be denied.

The Director began an investigation of Hiram Walker, suspecting violations of the Act by unauthorized promotional practices which contravene the Act. 27 U.S.C.A. § 205. Subpoenas were issued to certain employees and former employees of Hiram Walker who might have information concerning the practices. The respondents appeared at the time and place noted in the subpoenas, but refused to be sworn or testify. The Director then petitioned this Court to enforce the subpoenas. 15 U.S.C.A. § 49.

The question is apparently novel and involves the power of the Director to launch a special investigation with the power to compel witnesses to appear and testify. 27 U.S.C.A. § 202(c) states:

"The provisions including penalties, of sections 49 and 50 of Title 15, shall be applicable to the jurisdiction, powers, and duties of the [Director] * * *."

This section incorporates that portion of the Federal Trade Commission Act which authorizes the Commission to issue subpoenas. Section 49 of Title 15 states, inter alia:

"* * * the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence *relating to any matter under investigation.* * * *" [emphasis added]

It is to be noted, however, that this refers to investigations of the Federal Trade Commission.

The Director claims that the power to subpoena witnesses concerning *any matter under investigation,* implies the power to conduct an investigation. The respondents contend that the Director only has the subpoena power [under 15 U.S.C.A. § 49] in aid of its "jurisdiction, powers and duties" under the Act [27 U.S.C.A. § 202(c)]. The respondents claim that the power to conduct an investigation must be authorized by the Federal Alcohol Administration Act or else it does not exist. There is no doubt that the Act does not specifically provide a power to conduct investigations, and in view of similar legislation, and the legislative history of the Act, we do not think such a power can be implied.

The Federal Trade Commission Act specifically provides for investigations. 15 U.S.C.A. § 46. The power to conduct investigations in section 46, is specifically incorporated in section 49 granting the subpoena power. Congress apparently did not feel that the language "relating to any matter under investigation" itself created such a power, but merely referred to powers previously granted. Four other statutes have been called to this Court's attention in which the subpoena powers of the Federal Trade Commission have been incorporated by reference to other agencies. In each of these statutes Congress specifically provided an investigative power. [Packers and Stockyards Act, 7 U.S.C.A. §§ 210, 222; The Agricultural Adjustment Act, 7 U.S.C.A. §§ 608(1), 610(h); The Fair Labor Standards Act, 29 U.S.C.A. §§ 209, 211; and The Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 521]. The failure to provide an investigative power in the Federal Alcohol Administration Act suggests that no such power was intended.

■ Section 6(b) of the Administrative Procedure Act, 5 U.S.C.A. § 555(c) provides that "Process * * * or other investigative act or demand may not be issued, made, or enforced *except*

*as authorized by law."* [emphasis added]. We conclude that before an agency may undertake an investigation aided by the subpoena power it must have Congressional authorization. Finding no such power within the provisions of the relevant statute, either expressly or by necessary implication, we cannot enforce a subpoena so issued. The power to issue the subpoena for the purposes of an investigation, depends here on the power of the Director to undertake an investigation and such power has not been granted.

The legislative history of the Act supports the conclusion that no power of investigation was intended. The bill was amended in the Senate to include an investigatory power. 79 Cong.Rec. 12924 (1935). The bill, as amended, went to a conference committee which rejected the amendment and reported that: "The House bill had no similar [investigative power] provision. The Senate recedes." H.R.Rep.No.1898, 74th Congress, 1st Session 9 (1935). Consequently, it appears that Congress never intended to grant such an investigatory power to the Director.

■ The powers of the Director under the Act do not become meaningless by refusing to permit investigations accompanied by the subpoena power. The Director retains the power to grant or revoke permits to dealers in alcoholic beverages. 27 U.S.C.A. § 204. He may hold hearings to determine whether a permit should issue or be revoked and may use the subpoena power at this time. The distinction lies in the nature of the proceedings. The permittee may attend and take part in a formal hearing, but would be unable to participate or even be present during an investigative proceeding taking the testimony of various witnesses. We believe that Congress intended such a result and clearly demonstrated this intention in the Act.

Petitions denied.