**HIRAM WALKER INCORPORATED, Petitioner,**

v.

**Harold A. SERR, Director, Alcohol and Tobacco Tax Division, Internal Revenue Service, Two Penn Center Plaza, Philadelphia, Pennsylvania, Respondent.**

Civ. A. No. 43993.

United States District Court E. D. Pennsylvania.

Nov. 17, 1967.

**4**

J. B. H. Carter, and Barry E. Hawk, Philadelphia, Pa., James H. McGlothlin, and Richard A. Brady, Washington, D. C., for petitioner.

Philip Wilens, U. S. Dept. of Justice, Washington, D. C., for respondent.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This is an action for a preliminary and permanent injunction. Petitioner seeks to enjoin the Director of the Alcohol and Tobacco Tax Division of the Department of Internal Revenue from issuing administrative subpoenas pursuant to any special investigation of petitioner Hiram Walker and from taking any action pursuant to any such subpoenas already issued, pending final disposition on appeal of this Court's denial of enforcement of similar administrative subpoenas. On July 13, 1967, this Court denied the Director's request to enforce subpoenas issued under the Federal Alcohol Administration Act. 27 U.S.C.A. § 202(c). This Court concluded that the Director did not have any statutory authorization to issue such subpoenas. Serr v. Sullivan, 270 F.Supp. 544 (E.D.Pa.1967). Harold A. Serr, Director of the Alcohol and Tobacco Tax Division, appealed this Court's adverse ruling to the Court of Appeals for the Third Circuit and that appeal is still pending. Serr v. Sullivan, Nos. 16908–14, 3rd Cir. 1967.

Subsequent to the filing of his appeal, Harold A. Serr, acting under the purported authority that this Court had ruled he does not possess, has continued to issue administrative subpoenas in the continuing investigation of Hiram Walker. Serr had issued an administrative subpoena to Michael A. Miller, the manager of a retail liquor store in Detroit, Michigan and caused it to be served. This subpoena was returnable on Wednesday, November 8, 1967, at 10:00 A.M. in Detroit, Michigan, and the Director's intention was to demand and attempt to force compliance with this subpoena in order to advance the investigation of Hiram Walker.

On November 7, 1967, this Court entered a temporary restraining order against the attempted enforcement or further issuance of such subpoenas. This order was not entered *ex parte*. On November 15, 1967 an extensive hearing was held on petitioner's motion for an injunction.

Respondent, Harold A. Serr, was served by certified mail in Washington, D. C., on November 9, 1967 at 3:17 P.M., five hours and seventeen minutes beyond the original time set by this Court. Such service, while not meeting the letter of this Court's order, is adequate.

The sole defense advanced by the Director against any injunction in the present action is that this Court lacks venue. The Director contends that the only possible source of venue in this district stems from the venue provisions of 28 U.S.C.A. § 1391(e) and that this section does not authorize petitioner's suit before this Court. This is the only point discussed and developed in the Director's brief, which is totally silent on the matter of the propriety of entering an injunction were venue established in this district. A determination of whether

this Court has proper venue over this action under § 1391(e) admittedly would be difficult. Compare Consolidated Sun-Ray, Inc. v. Steel Ins. Co. of America, 190 F.Supp. 171 (E.D.Pa.1961) and Abbott Laboratories v. Celebrezze, 228 F. Supp. 855 (D.Del.1964), aff'd per curiam, 352 F.2d 524 (3rd Cir. 1965), cert. dismissed, sub. nom., Abbott Laboratories v. Gardner, 387 U.S. 136, 156–157, n. 20, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). See also, 1 Moore's Federal Practice ¶ 0.-142 [7] at 39 (1967 Supp.). However, the § 1391(e) issue need not be resolved, since this Court has ancillary jurisdiction over the present action. An injunction pending the outcome of the appeal of Serr v. Sullivan, presently pending before the Third Circuit Court of Appeals will be entered.

Ancillary jurisdiction has been recently described as follows:

Once a court has obtained jurisdiction of a cause of action, it is entitled to retain the action and to grant complete relief as to any matter which is incidental thereto, even though the court may not have had jurisdiction over such auxiliary matter if it had been asserted as an independent cause of action. Under this principle, it is not necessary to find an independent jurisdictional basis for the injunctive aspect of the case. Sheridan v. United Brotherhood of Carpenters and Joiners, Local 626, 191 F.Supp. 347, 353 (D.Del.1961).

In *Sheridan,* plaintiff had been suspended as the union's business agent. He instituted suit under the federal labor statutes to determine the validity of the suspension. During the pendency of the litigation the union had scheduled an election of a temporary business agent. The district court enjoined this election pending the outcome of the litigation. The situation in *Sheridan* is instructive in the case at hand. In *Sheridan* there was a danger that the defendants were taking steps to effectively nullify any adverse ruling that a court could properly enter against them by electing another business agent. In order to preserve the effectiveness of its rulings, the court entered the injunction pending the final outcome of the litigation. In the present matter, the Director originally submitted to the jurisdiction and venue of this Court in Serr v. Sullivan to have the legality of his administrative subpoena power determined. Understandably dissatisfied with the ruling entered in Serr v. Sullivan, the Director is attempting to issue similar subpoenas in Michigan and other undisclosed areas outside the Eastern District of Pennsylvania. No attempt has been made by the Director to deny that his presently challenged conduct is identical with that ruled illegal in Serr v. Sullivan. The sole defense has been that venue does not lie in this district. While this Court is sympathetic to the government's position that a more satisfactory venue under § 1391 (e) perhaps might lie in Washington, D. C., where Mr. Serr resides, or in Michigan, where the subpoenas have been issued, there would seem to be no question that in a situation involving ancillary jurisdiction venue is properly laid in this district. This position has been outlined in 1 Moore's Federal Practice ¶ 0.140 [8] in the following terms:

And the venue of the independent action may be properly laid in the federal court which had jurisdiction of the original suit. * * * A party, then, that was properly before the court in the original action is subject to that venue for the ancillary proceeding or suit.

Accord, 1 Barron & Holtzoff Federal Practice and Procedure § 23. See, Higgins v. Calif. Prune & Apricot Growers, Inc., 282 F. 550, 557 (2nd Cir. 1922); Dickey v. Turner, 49 F.2d 998, 1001 (6th Cir. 1931); Note, Ancillary Process and Venue in the Federal Courts, 73 Harv.L. Rev. 1164 (1960); Note, Ancillary Jurisdiction of the Federal Courts, 48 Iowa L. Rev. 383 (1963).

Finally, this Court concludes that Hiram Walker is faced with the continuing unwarranted threat of irreparable injury, without an adequate remedy at law, if the Director were to be allowed to issue administrative subpoenas around the

country under an authority which this Court has declared to be nonexistent and illegal.

The above narrative will serve as this Court's findings of fact and conclusions of law for the purposes of Fed.R.Civ.P. 52(a).

### ORDER

And now, to wit, this 17th day of November, A.D.1967, it is ordered that Respondent, Harold A. Serr, is hereby enjoined and restrained temporarily and permanently from issuing any administrative subpoenas pursuant to any special investigation of Hiram Walker Incorporated and from attempting to take testimony, to obtain documents or to formally or informally demand or attempt to enforce compliance with any subpoenas already issued; pending final disposition on appeal of this Court's order denying enforcement of similar administrative subpoenas.